RUSSELL (WASHINGTON MILLS v.).    See Case No. 17,247.

---

## Case No. 12,164a.

### RUSSELL v. WHEELER et al.

[Hempst. 3.] [1]

Superior Court, Territory of Arkansas.    June, 1821.

FORCIBLE ENTRY AND DETAINER—APPEALS—SUMMONS—CONSTRUCTION OF STATUTE—VERDICTS.

1. In forcible entry and detainer, the right of having the proceedings reviewed by a higher tribunal in the mode pointed out by law, is allowed to the defendant as well as the complainant.

2. In forcible entry and detainer, if the summons contains the substance of the complaint so as to apprise the defendant of the nature and extent of the claim, it is sufficient without reciting the complaint fully.

3. Where a limited jurisdiction is conferred by statute the construction ought to be strict as to the extent of jurisdiction; but liberal as to the mode of proceeding.

4. Although a verdict is informal, yet if the substance of the issue has been found, it is good, for a verdict is not to be taken strictly like

[1] [Reported by Samuel H. Hempstead, Esq.]

pleading, and courts will mould a verdict into form according to the real justice of the case.

[Error to Pulaski county circuit court.]
Before JOHNSON and SCOTT, JJ.

JOHNSON, J. William Russell sued out from two justices of the peace, a warrant of forcible entry and detainer against Amos Wheeler and others, and the jury having found a verdict against them, they obtained a certiorari and brought the case before the circuit court. On the trial in the circuit court, the proceedings of the justices' court were set aside and annulled. Many objections have been urged to the writ of certiorari granted by the court below, which from the view we have taken, we do not deem it material to decide. For the sake of the practice, however, we will consider the first.

It is contended that a writ of certiorari in a case of forcible entry and detainer, is, by the statute, allowed to the plaintiff only. If this construction be correct, it is believed that it would present a novelty in the history of judicial proceedings. What just reason can exist for permitting a plaintiff in a case of this kind to apply to a superior tribunal, to correct errors and annul proceedings by which he is prejudiced, and denying the same right to a defendant, we are wholly at a loss to discover. That a claim may be set up by a plaintiff which is neither supported by justice nor law, as well as that a defendant may have acted illegally, are abundantly manifest. We cannot suppose that because a complaint is made, and a suit instituted, that it therefore follows that the party has a just cause of action. Experience evinces that many claims are asserted which have no foundation in justice or in law. It would seem, therefore, as reasonable to extend to the defendant the same means for the correction of errors which may have been committed against him, as to the plaintiff when similarly situated. But from an examination of the statute, it is clear that it does not warrant the construction contended for. The right of having the proceedings reviewed by a higher tribunal is reciprocal, and is alike demandable by either party. Geyer, Dig. 204.

We will now proceed to what we deem the main question in the cause, namely: Whether the court below acted correctly in setting aside and reversing the judgment of the justices. The first error in the proceedings before the justices' court relied on by the counsel of the defendants in error is, "that the summons is not issued according to the form prescribed by the statute; it omits one half of the plaint; it omits the time the forcible entry and detainer was alleged to have been done; it omits the quantity of land, and the description of the boundaries as given in the plaint, and misrecites that part of the plaint which it purports to recite." It is true that the summons does not contain a literal copy of the complaint, nor do we apprehend

that it is necessary. All that is essential is, that the summons shall contain the substance of the complaint, and so describe the land in contest that the defendant may be apprised of the extent of the claim set up against him, and thereby be enabled on the trial to make his defence. That the summons contains a proper and definite description of the land, so as fully to apprise the defendant of the subject-matter in dispute, we think admits of no doubt. The complaint is upon a forcible entry and detainer upon the fractional quarter of section two, in township one, north of the base line of range twelve, west of the fifth principal meridian, containing about forty acres of land, bounded on the north by the Arkansas river, on the east by the Quapaw Indian line, on the west by the north and south line, between sections two and three in township aforesaid, on the south by the southwardly boundary of the north-west fractional quarter of section two. The summons describes the premises to be, "That part of the north-west fractional quarter of section two, in township one north of the base line, range twelve west of the fifth principal meridian that lies south of the Arkansas river, at a place called 'Little Rock Bluff,' in the county of Pulaski." It is easy to perceive that the summons describes the same fractional quarter section of land that is described in the complaint, and although the description is not made in the same words, yet they are substantially the same. It has been contended that the form of proceeding given by the act of assembly must be literally pursued. By adverting to the adjudications of other courts it will be seen, that a more liberal interpretation has been given to statutes analogous to the present. In the case of Barrett v. Chitwood, 2 Bibb, 431, upon a statute in many respects similar to the one under which these proceedings were had, the court says: "Where a limited jurisdiction of this sort is given by act of assembly to be exercised in pais, the correct rule appears to be, that as to the extent of jurisdiction the act should be construed strictly, but with respect to the mode of proceeding, a liberality of construction ought to be indulged." Other cases might be cited to show that where a statute prescribes a form of proceeding, a substantial, and not a literal compliance is all that is required. We are therefore of opinion that the summons in this case contains the essential part of the complaint, and that it is sufficient under the act of assembly.

The point mainly relied on by the defendants' counsel is, "that the verdict of the jury was fatally defective, and insufficient for the justices to enter a judgment thereon." It is in the following words: "The jury upon their oaths do find, that the lands or tenements in the county of Pulaski, bounded and described as in the complaint, upon the first day of January, 1820, were in the lawful and rightful possession of said William Russell, and

that the said Amos Wheeler and others did, upon the same day, unlawfully with force and strong hand expel and drive out the said William Russell; wherefore the jury find upon their oaths, that the said William Russell ought to have restitution thereof without delay."

Several specific objections have been urged against the verdict, which we will proceed to examine: 1. It is insisted that the verdict does not pursue the form prescribed by the statute. This objection, as far as it regards form only, has been sufficiently remarked upon, and no further observations will be added. 2. "That it does not contain a description of the land in contest." By a reference to the verdict it will be seen, that although it does not itself describe the boundaries, yet it refers to a paper in the case, the complaint, for the boundaries, which renders it as certain and as definite as if those boundaries were again recapitulated in the verdict itself. The maxim of law, "Id certum est quod certum reddi potest," applies to cases like the present; we are therefore of opinion, that it is not defective on this account, but that it sufficiently describes the land in controversy. 3. "That it only finds a forcible entry into the premises, and does not find a forcible detainer by the defendants." Upon an examination of the verdict we are clearly of opinion, that it finds a forcible detainer as well as entry. What is the language of the verdict? It is, "That the jury find that the defendants did with force and strong hand expel and drive out the plaintiff; wherefore the jury find upon their oaths, that the said William Russell ought to have restitution thereof without delay." What is the conclusion that a mind unshackled by technical rules would draw from the latter clause of the verdict? Is not the inference irresistible, that the jury find a detainer when they say that the plaintiff ought to have restitution without delay? Why should he have restitution, unless he was kept out of possession? Upon any other supposition the language is more than unmeaning; it is absurd. If then the meaning of the jury is clear, and it is their intention to say, as it certainly is, that the defendants detain the premises, although it may not be expressed in technical language, or according to usual forms, yet the court are bound to work and mould the verdict into form according to the real justice of the case. The rule upon this subject has been long settled, and is supported by a uniform train of authorities. In the case of Worley v. Isbel, 1 Bibb, 251, it is laid down, "that though the verdict may not conclude formally or punctually in the words of the issue, yet if the point in issue can be concluded out of the finding, the court shall work the verdict into form and make it serve. Verdicts are not to be taken strictly like pleadings, but the court will collect the meaning of the jury, if they give such a verdict as the court can understand." The same

principle will .be found decided in the case of Patterson v. U. S., 2 Wheat. [15 U. S.] 221. The same doctrine is to be found, only in a stronger point of view, in Crozier v. Gano, 1 Bibb. 257. And to the same effect are cases in 2 Bibb, 427; 3 Hen. & M. 309; Hawks v. Crofton, 2 Burrows, 698. In the case before the court, there can be no doubt as to the meaning of the jury. They have in substance found that the defendants detained the land in contest; we are therefore satisfied that this objection to the verdict ought not to be sustained. Upon a consideration of the whole case we are of opinion, that the circuit court erred in setting aside and reversing the proceedings of the justices, and the judgment, therefore, must be reversed and the cause remanded.