## LORAINE B. MORGAN, RESPONDENT, v. J. N. IRELAND AND H. H. MIFFLIN, APPELLANTS.

DOWER.—Our statute has abolished dower, but has substituted more liberal provisions in its stead.

REVOCATION OF WILL.—Whenever new moral and testamentary duties arise subsequent to the execution of a will, the will is revoked by presumption or operation of law, unless the objects of those duties are provided for, either by the law or the will.

APPEAL from the third judicial district, Oneida county.

*Higbee & Smith*, for the appellants.

*Huston & Gray*, for the respondent.

PRICKETT, J., delivered the opinion; MORGAN, C. J., and BUCK, J., concurring.

On the sixth day of August, 1878, Morgan M. Morgan, late of Oneida county in this territory, made his last will,

whereby he disposed of his entire estate, both real and personal, to his children. At that time he was a widower, and the father of several children by a previous marriage. On the thirteenth day of October in the same year, he intermarried with the plaintiff; and on the twenty-fifth day of February, 1879, he died. He left, surviving him, a widow —the plaintiff above named—and the children of the former marriage. On the third day of April, 1879, the will was admitted to probate in the probate court of Oneida county, and the defendants were appointed executors thereof. On the seventeenth day of September, 1879, the plaintiff petitioned the probate court to set aside the will, on the ground that it was, presumably, revoked. The probate court denied the petition and dismissed the same; from which judgment the plaintiff appealed to the district court of the third judicial district in and for Oneida county; which last named court, on the third day of May, 1880, rendered its judgment reversing the judgment of the probate court and declaring the will revoked, and annulling the probate thereof and the letters testamentary issued thereon. From the judgment of the district court the executors appealed to this court.

The only question in the case is, do the facts above stated imply a revocation of the will? or in other words, does the marriage of a man, under the circumstances of this case, by operation or presumption of law revoke a will previously made?

We are without any statute on the subject of revocation of wills, and are therefore to be governed in the decision of this question by the principles of the common law, as settled by the adjudications of the English and American courts—that law having been adopted by our legislature as the law of this territory, when not in conflict with statutory provisions.

It is laid down as a rule, in the most, if not all of the English cases in which the question has been considered, that marriage, without the birth of issue, does not operate to revoke a precedent will. There are, also, numerous decisions by the English courts on the question whether the subsequent birth of a legitimate child alone will have

that effect; in some of which it is held that it will, and in others to the contrary; in some that it operates as a revocation of the will as to the personal estate alone; and in others that it has that effect, both as to real and personal property. But it must be borne in mind that the reasons given by the English courts for their decisions upon these questions are based, principally, upon the existence of the common law right of dower and upon the English law of primogeniture, neither of which exists here. The English rule and the reasons therefor are very concisely stated by Greenleaf in his valuable work on evidence, vol. 2, par. 684, as follows:

"In regard to implied revocations, these are said to be founded on the reasonable presumption of an alteration of the testator's mind, arising from circumstances since the making of the will, producing a change in his previous obligations and duties. A subsequent marriage alone, if the testator was a *feme-sole*, will always have this effect, even though she should survive her husband; for by the marriage her will ceased to be ambulatory, and was therefore void. But the marriage of a man is not alone a revocation of his will; for the common law has made sufficient provision for the wife by her right of dower. Nor is the birth of a child, after the making of a will, in itself, and independent of statutory provisions, a revocation of a will made subsequent to the marriage; for the testator is presumed to have contemplated such an event. But a subsequent marriage and the birth of a child, taken together, are held to be a revocation of his will, whether of real or personal estate, as they amount to such a change in his situation that he could not intend that the previous disposition of his property should remain unchanged."

The reason of the law is its essence and soul, and here we have laid down the very good reason why the marriage of a man is not, alone, the revocation of his will; that the common law has made sufficient provision for the wife by her right of dower. But our statute has entirely abolished the common law right of dower, and the reason given by Greenleaf and the English courts, for the rule established by

them, wholly fails here.    When the reason for the rule does not exist, the rule itself must fail also.

But by our statutes more liberal provisions for the widow have been substituted in place of the abolished dower right.    They provide that the widow shall be entitled to a half interest in the common property, consisting of that acquired after mariage by either husband or wife, except such as is acquired by gift, bequest, devise, or descent; and if there be more than one child living, as in this case, one third of the separate estate of the deceased husband shall be inherited by her.    It gives to the surviving husband or wife, one half of the common property in his or her own right, upon the assumption that each has contributed equally to its acquisition, and, by inheritance, one third of the separate estate of the deceased; thus making either spouse heir to the other.

These rights having been given by statute, in lieu of dower, it is difficult to understand upon what principle they are less sacred, in the eyes of the law, than the common law right to dower itself, where it exists; or why the husband should be permitted to dispose of those rights by ante-nuptial will, so as to defeat the beneficent objects and purposes of the statute any more than he could, by such means, convey the dower right away from the widow.

After a full and careful examination of the authorities cited by the appellant's counsel in this case, we find the fundamental rule, which underlies them all, and which serves as their foundation and ground-work, to be, in brief, that whenever new moral testamentary duties arise subsequent to the execution of a will, it is presumed that it is the mind and intention of the maker to discharge those duties, and the will is said to be revoked by operation or presumption of law; unless indeed the objects of those new duties are provided for, either by the law, or the will itself.    This, we think, is the reason upon which all the decisions, both English and American, are based; and is the law which the courts have administered.    When, therefore, the courts of England have said that subsequent marriage, without issue, does not work a revocation, they have in effect said that the

facts of such a case do not bring it within the law, because the law of dower here makes provision for the wife.

It certainly will not be claimed that the wife is not a meritorious object of the husband's duty and bounty, or that she is less so than the children by the former marriage. This case unquestionably comes within the rule that we have laid down as the law in such cases. By the marriage of the deceased Morgan M. Morgan to the plaintiff, new moral and testamentary duties arose, requiring him either to make due provisions for her by will or to leave her to the inheritance provided by law. The law will not presume that he intended to avoid those duties, or that he would willingly leave her disinherited, unprovided for, and dependent upon charity. On the contrary, the presumption is, that after his marriage, his intention to die testate under the will in question was changed. And we hold, that his marriage wrought such a change in his previous obligations and duties, as revoked his will by presumption of law.

The judgment of the district court is affirmed.