[No. 9035. Department Two. — July 13, 1886.]

IN THE MATTER OF THE ESTATE OF GIOVANNI SBARBORO, DECEASED.

ESTATE OF DECEDENT — REVOCATION OF PROBATE — DISMISSAL OF PETITION — APPEAL. — No appeal lies from an order dismissing a petition for the revocation of the probate of a will, or from an order denying a motion of the contestant to set aside and vacate such previous order and all orders and decrees made subsequent thereto.

ID. — NOTICE OF HEARING FOR DISTRIBUTION — SUFFICIENCY OF. — The decree of distribution in question was objected to on the ground that the notice required by section 1633 of the Code of Civil Procedure had been improperly given. The notice was in due form, signed by the clerk of the proper court, and posted according to law, and an affidavit of posting made by a qualified person. There was no evidence in the record that the person making the affidavit did not act for the clerk, or that the notice did not remain where posted for the required time. The giving of a proper notice was recited in the decree. *Held*, that the objection could not be sustained.

APPEAL from a decree of the Superior Court of the city and county of San Francisco distributing the estate of a deceased person, and from certain orders made therein.

On the 2d of December, 1878, the will in question was admitted to probate. On the 3d of December, 1879, the contestants filed their petition for a revocation of the probate, which was granted by the Superior Court on the 14th of May, 1880. From this decree an appeal was taken to the Supreme Court. The decree was reversed by that court, and the cause remanded. On the 7th of February, 1883, the *remittitur* was received by the Superior Court, who thereupon ordered that the petition for the revocation of the will be dismissed. This order was made *ex parte*, and without having the case placed on the calendar. On the 26th of February, 1883, the administrator filed his final account, with a petition for distribution, whereupon an order was made fixing the 2d of March following as the day for the settlement thereof, and requiring three days' notice of the hearing to be given by posting. On the following day, one Frank Grimes made and filed an affidavit to the effect that he had on the previous day posted the notice. On the 2d of March, 1883, the court made a decree settling the account and distributing the estate. On the 24th of March, 1883, the appellants made a motion to vacate and set aside the order of the 7th of February, 1883, dismissing their petition for the revocation of the will, and all orders and decrees subsequently made. The court denied the motion. The further facts are stated in the opinion.

*A. D. Splivalo*, and *John Reynolds*, for Appellants.

*J. M. Burnett*, and *E. D. Sawyer*, for Respondent.

FOOTE, C. — In this case the trial court dismissed a petition for the revocation of the probate of a will, as it

was directed to do by this court in *Estate of Sbarboro*, 63 Cal. 9, and we perceive no error in such action.

And from the order made therein no appeal lies under section 963, subdivision 3, of the Code of Civil Procedure, since such an order is not there mentioned as being appealable.

And the order made denying the motion of contestants of the will to set aside and vacate all the orders and decrees made by the late Probate Court is not made appealable under the section *supra*.

The court, having dismissed the petition heretofore mentioned, proceeded to distribute the estate of the decedent in accordance with his wishes expressed in the will.

The decree made for that purpose the appellants seek to reverse on the ground, as they allege, that the notice required by section 1633 of the Code of Civil Procedure was improperly given. That notice, which is in due form, was signed by the clerk of the proper court, through his deputy; it was posted according to law, as the affidavit of Frank Grimes annexed thereto shows, he being a person qualified by law so to do. There is no evidence in the record that he did not act for said clerk, or that said notice did not remain where posted for the time required by law, and the final decree of distribution contains this recital: "And it appears by proper evidence that the notice as prescribed by law had been given of the hearing of said petition and of the settlement of said final account." All of which is sufficient and conclusive evidence of the fact that the necessary notice was given. (*McClellan* v. *Downey*, 63 Cal. 520–523.)

The appeals from the orders should be dismissed, and the decree appealed from should be affirmed.

₀SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the appeals from the orders are dismissed, and the decree is affirmed.