No. 10,269.

THE STATE EX REL. GERVAIS LÊCHE, DISTRICT ATTORNEY, VS. AU-
GUSTUS FOWLER.

In questions involving the appellate jurisdiction of the Supreme Court, it is settled practice
that if it appears from the pleadings that one of the parties to the suit has an appealable
interest entitling him to appeal to the Supreme Court, the same right must be recognized
in favor of his opponent.

An elector who has declared his intention to become a citizen of the United States in
pursuance of Art. 185 of the State Constitution, is a citizen of the State and qualified to
hold the office of coroner.

APPEAL from the Twenty-Sixth District Court, Parish of Jefferson.
Rost, J.

*Walter H. Rogers*, Attorney General, *Gervais Lêche*, District Attorney,
and *A. E. Billings*, for the Relator and Appellant.

*H. N. Gautier, Mott, Drolla & Augustin*, and *F. S. Drolla* for the
Respondent and Appellee.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. The ground of the motion is that this Court is without
jurisdiction *ratione materiæ*, because the relator, who is appellant, has no
appealable interest in the controversy.

The suit involves the right of the defendant and appellee to the office
of coroner of the parish of Jefferson, the fees and emoluments of which
are alleged to exceed the sum of two thousand dollars in value, and the
record contains an admission to that effect by the appellee.

It is therefore undeniable, and it is not contested, that if cast in the
suit the defendant would have had a right of appeal to this Court.

It is a settled practice in our jurisprudence that if one of the parties
in the controversy has an appealable interest at issue, the other party is
*ipso facto* vested with the same right. State *ex rel.* Nichols, Governor,
vs. Mayor, recently decided. Handy vs. New Orleans, 39 Ann. 107;
Ready vs. New Orleans, 27 Ann. 169; State *ex rel.* vs. Judge, 23 Ann.
595; State *ex rel.* Murtagh, vs. Judge, 23 Ann. 761.

The motion to dismiss is therefore denied at appellee's costs.

State ex rel. District Attorney vs. Fowler.

## ON THE MERITS.

McENERY, J. The relator asks for the removal of the defendant from the office of coroner for the parish of Jefferson because he is not a citizen of Louisiana and is therefore ineligible.

The defendant was elected to the office of coroner at the last general State election. He has all the qualifications of an elector prescribed by Art. 185 of the State Constitution.

Previous to his election he had declared his intention to become a citizen of the United States, but he has never been naturalized. For this reason it is urged he is not a citizen of the United States, and therefore not a citizen of the State.

A person who is a citizen of the United States is necessarily a citizen of the particular State in which he resides. But a person may be a citizen of a particular State and not a citizen of the United States. To hold otherwise would be to deny to the State the highest exercise of its sovereignty, the right to declare who are its citizens.

The sovereignty of the citizens of a republic has its highest assertion in representative government, and is constituted in its political order in the representation of persons; and not of classes or of interests. In the realization of this sovereignty of the people, its expression is obtained through some law regulative of political action by which the will of the people can be obtained. This is done through the instrumentality of qualified electors who, in the exercise of a free will assert in conformity to that law the determination of the civil and political organization in which is manifested the will of the people. Electoral right is a political right, and although the right to vote is primarily the right of every citizen, yet it may be denied to a certain class of individuals. Therefore a person may be a citizen of the State, and may not be invested with electoral power. It is, however, difficult to conceive how a person can be an elector and not a citizen of the community in which he exercises the right to vote. The State, in the exercise of its sovereignty, can confer the right to vote, can make an alien an elector, and electoral power, when thus bestowed and exercised, becomes one of the most important duties, and the highest and proudest privileges of citizenship. The elector is, therefore, one of the sovereign people, a member of the civil State, and entitled to all its privileges.

The Constitution of the State makes no distinction between citizen and elector. The words are used to signify the same thing. Art. 22 says every elector shall be eligible to both houses of the General Assembly, provided he has been a citizen of the State four years preceding his election.

It is evident that the word citizen and elector are used synonymously· It would be a strange anomally if a person, not a citizen, could be admitted as a member of the General Assembly, to aid and assist in the organization of the government, and the enacting of laws.

In other articles of the Constitution the distinction between Federal and State citizenship is clearly drawn. Whenever it is intended that the qualifications for office shall be a born or naturalized citizen it uses the expression " citizen of the United States," as in Articles 60 and 82, prescribing the qualifications for Govenor, Lieutenant Govenor, and judges of the Supreme Court. The defendant is eligible so far as citizenship is concerned, having all the qualifications prescribed by Articles 185 and 195 of the Constitution, to hold the office of coroner of the parish of Jefferson.

Judgment affirmed.