43 171
47 1302
43 171
51 1339

## No. 10,667

NEW ORLEANS, FORT JACKSON & GRAND ISLE RAILROAD CO. VS. MRS. ELIZABETH BARTON.

### RELATIVE TO JURISDICTION

1. The defendant's allegations in her answer, and the amount she claims, secure to her the right of appeal.
2. The plaintiff and appellant, therefore, has *ratione materiæ* a similar right of appeal.
3. The court has jurisdiction of the appeal.

Railroad Co. vs. Mrs. Barton.

### ON THE MERITS.

1. The testimony of the witnesses is conflicting and not satisfactory.
   The price paid for the property, the improvements placed thereon since its purchase, the assessment for taxes, are necessarily given great weight in fixing the value of the property sought to be expropriated.
2. Defendant's demand for damages occasioned by the smoke, noxious vapors and loud jarring sounds caused by the engine and rolling stock, is not supported by the testimony; in addition, the amount prayed therefor is not decreeable under the cases of 35 An. 646, 38 An. 687.
   The damages arising from the depreciation in the value of the property, and from the difference in rental, are not proven.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

·James Wilkinson for Plaintiff and Appellant.

Drolla & Augustin for Defendant and Appellee

### JURISDICTION.

The opinion of the court was delivered by

BREAUX, J. It is suggested in appellee's brief that the amount of the judgment appealed from, viz: $650, is·insufficient to give this court jurisdiction; for the defendant has not prayed that the judgment be amended and increased to an amount to give jurisdiction.

The defendant and appellee, with reference to value, alleges that the land is worth *one thousand* dollars, and that, if the land be expropriated, it will occasion loss and depreciate the value of the other lots she owns to an amount of at least *one thousand five hundred dollars*.

Under these allegations the defendant had the right of appeal. The total prayed for by her exceeds the *minimum* limit of the Constitution.

The plaintiff has therefore a similar right of appeal. State vs. City, 41 An. 159.

This court has jurisdiction of the appeal.

## ON THE MERITS

This is a suit by plaintiff to expropriate the property of the defendant, for the purpose ,of building its track to its depot on the river bank.

The land forms a triangle and is situated on the east side of the levee, and forms the corner of Powder and Delaronde streets in Algiers, on the plan annexed to the petition.

There is a levee in front on defendant's land, which diagonally intersects lots 1 and 2, and divides the former about equally in two, and also leaves on the river side a small fractional part of lot 2.

This is the land plaintiff prays to expropriate.

The residence of the defendant is located on lot No. 20, adjacent to lots 1 and 2, and a house that she leases is located on lot No. 19.

The house on lots 1 and 2 is used as a soda water and lemonade stand. The plaintiff tendered to defendant, prior to this suit, and deposited with the clerk of court one hundred and twenty-five dollars.

The plaintiff contends that this amount is the full value of the lands in controversy.

And in the second place that the defendant has suffered no damages.

The defendant answers that there is no necessity for the expropriation.

That if an expropriation be made it will depreciate the value of her remaining property.

That the immediate proximity of the track, switches, depots and other structures to her lots will render it impossible for her to let her property, and drive therefrom the revenues she now receives. That the land sought to be expropriated is worth at least $1000.

The case was submitted to the jury and a verdict was found expropriating the land and allowing $650 to the defendant.

From that judgment plaintiff appeals.

The necessity of the expropriation is conclusively proven.

With reference to the value of the property there is an almost bewildering difference of opinion.

The witnesses for the plaintiff testify that it has but little value. Only nominal, is the testimony of one of them.

Another places its value at $60.

All testify that it is subject to inundation during the high waters of the Mississippi; that it has no river front (the plaintiff having ac-

quired from the city the exclusive right to occupy the river bank in front of defendant's place) ; that a house could not be built on this land without building it on trestle.

The witnesses for the defendant testify that it has considerable value.

One of the witnesses values it at *three thousand* dollars; another at fifteen hundred dollars, and several at one thousand dollars.

Evidently in evaluating the property, the prevailing impression was with nearly all these witnesses for defendant that the depreciation in the value of the remaining property should be taken into account, and possibly also damages arising from individual inconvenience.

There could be no objection to proving the amount due for depreciation in the value of the remaining property of defendant.

But it would have assisted the court if a separate and distinct appraisement had been made. As it is, the conclusion is inevitable that where a witness places his estimate at $3000, he, in addition to the value of the triangle sought to be expropriated, included the depreciation in the value of defendant's other property, and possibly damages ("merely consequential injuries, for which defendant also is merely doing a lawful act in a lawful manner, can not be held responsible"). 38 An. 607. The needful separation of the alleged values was not kept in view. The result is that an estimate was made of the whole in answer to questions relating to one, *i. e.*, to the property sought to be expropriated.

For instance, one of the witnesses testified:

"The value that I would put on the property, placed in the position of Mrs. Berton, would be very high.

"It would be over $3000, and I throw the balance of the property in the bargain."

We are not clearly informed whether the amount testified to is owing to the fact that the triangle gives the value mentioned, or whether the depreciation which will result prompts the conclusion that the whole may as well be abandoned, or that the damages (immediate or consequential) will make it undesirable property.

The amount for each is not stated.

While considering the testimony, it occurs to us that if the whole property has the value placed upon it by some of the witnesses, the expropriation of a limited triangular area can not make it valueless,

particularly as the area prayed for is divided from the body of the lots by a large levee some eight feet high.

## II.

Other witnesses for the defendant were evidently under the impression, at first, that defendant's right as an owner extended to the river bank.

In chief, in support of their estimate of defendant's claim, they testified that property in Algiers, with a river front, have considerable value, as they are useful in mooring vessels; that dry docks are constructed on these fronts, and ships built on the banks near them.

. On cross-examination, when the proven fact was brought to bear, that the property did not extend to the river, as the plaintiff has obtained from the city the exclusive right there, their high evaluation is not maintained.

Hence we conclude that the value includes the triangle, the depreciation in the value of the remaining property, the damages, and possibly the benefit of the river's front.

## III.

With reference to damages, indemnity must be made when they are actual and immediate.

In two well considered decisions the principle is settled, that "a defendant having established its lawful authority is entitled to the protection of the rule which exonerates a party from responsibility in damages for injury done to another in the pursuit of a legal right or in the performance of a lawful act, when such injury is not traced to or caused by his negligence or culpable carelessness." Werges vs. R. R. Co., 35 An. 646; Hill vs. R. R. Co., 38 An. 607.

Defendant's demand on account of the smoke, noxious vapors and loud jarring sounds emanating from and caused by the engines and rolling stock " is not supported by the testimony and in addition fall within the group of the decisions just cited.

"That some inconvenience is occasioned to plaintiff by the noise of the trains and by the smoke and soot of engines (which, however, are shown to be as nearly smokeless as any suited to the purpose) and by the jarring of the houses, can not be questioned. So it may be possible that the price of property on the street may have been

somewhat impaired by the establishment of this railroad thereon, though it is evident that plaintiff's witnesses exaggerate the influence of this cause, and ignore other causes which account in great measure for the depression."

### IV.

With reference to the alleged depreciation in the value of the remaining property, the testimony is not by any means conclusive.

The defendant testifies that her whole property is worth $4000.

How much less it will be worth after the expropriation has nothing more substantial for its support than conjecture.

With reference to rental, the defendant says that one family moved away from the property; it was vacant four months.

It was again occupied, it seems, when the trial took place—at what rental we are not informed.

As to the difference in the market value of the property, nothing was said except that it would become valueless.

This is too indefinite to be convincing, and has an exaggerated appearance on the face of the record.

In establishing the value of the land, without reference to any other consideration, we note the fact that the defendant paid $225 for the lots 1 and 2.

That she improved these lots.

That the improvements are on the west side of the levee, and that the railroad takes the outside—the triangle adjacent to the river front, over which it has the control.

These lots were assessed at $350 each.

The defendant was offered $375 for the triangle in question.

The dimensions and shape of the lots are changed.

We regret to have to reduce the jury's finding.

We have failed to find the elements of value upon which they grounded their verdict.

We do not find that the defendant is entitled to a larger amount.

It is therefore ordered, adjudged and decreed that the verdict of the jury and the judgment of the court a qua be reduced from $650 to $400.

After amendment, judgment affirmed for the remainder at appellee's costs.