[No. 4639.   Decided August 4, 1903.]

J. A. TAYLOR, *Respondent,* v. SPOKANE FALLS & NORTH-ERN RAILWAY COMPANY, *Appellant.*

APPEAL — JURISDICTION OF SUPREME COURT — AMOUNT IN CONTROVERSY.

The appellate jurisdiction of the supreme court would extend to a case in which the original complaint claimed damages in excess of $200 for the killing of cows, even though the claim as made in an amended complaint had reduced the damages sued for to the sum of $200.   (Anders and Dunbar, JJ., dissent.)

DAMAGES — MARKET VALUE OF CATTLE KILLED — EVIDENCE.

Evidence of the quantity and value of milk given by certain cows, which were chiefly valuable for their milk, is admissible for the purpose of aiding the jury in determining their market value in an action for damages for their death.

RAILROADS — KILLING CATTLE — FAILURE TO FENCE — NATURAL BARRIERS.

The existence of natural barriers along a railway track would not excuse the company from liability for stock killed at that point, where there was free access to the track at the ends of such barriers, under Bal. Code, § 4332, which provides that "it shall be *prima facie* evidence of negligence on the part of defendant to show that the railroad track was not fenced so as to turn stock from the track."

Appeal from Superior Court, Stevens County.—Hon. WILLIAM E. RICHARDSON, Judge.   Affirmed.

*W. H. Thompson, S. Douglas* and *M. J. Gordon,* for appellant.

*W. H. Jackson* and *C. A. Mantz,* for respondent:

The plaintiff is entitled to recover the market value of the stock, and to this end evidence is admissible to show all their qualities which affect their market value.   *St. Louis, etc., Ry. Co. v. Dudgeon,* 28 Kan. 283; *Central Branch Union Pacific Ry. Co. v. Nichols,* 24 Kan. 242;

*Young v. Kansas City, etc., Ry. Co.,* 52 Mo. App. 530. Testimony as to what plaintiff had been offered for one of his cows a short time before the killing was proper as tending to show market value. *Galveston, etc., Ry. Co. v. Davis,* 1 White & W. Civ. Cas. 147.

The opinion of the court was delivered by

MOUNT, J.—This is an action to recover damages for the loss of two cows belonging to respondent, and killed by appellant's train of cars upon its railway track. The original complaint alleged damages in the sum of $200 for the value of the cows, $25 special damages, and damages at the rate of $2 per day from the date the cows were killed. Upon motion of appellant, the allegations of special damages were, by order of the court, stricken out of the complaint, and an amended complaint filed wherein respondent alleged his damages at $200, the value of the cows. The answer, after denying the material allegations of the complaint, pleaded that plaintiff carelessly and negligently permitted the cows to run at large and willfully abandoned them at and near the right of way of the railway company; that the loss of the animals was caused by the negligence of the respondent. The reply denied these allegations of the answer. On these issues the cause was tried before the court with a jury, which returned a verdict in favor of the respondent for $150. Judgment was entered on the verdict, and from this judgment defendant appeals.

Respondent moved to dismiss the appeal upon the ground that the amount in controversy does not exceed the sum of $200. The constitution provides (art. 4, § 4) that the appellate jurisdiction of the supreme court "shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of

$200." The question upon this motion is, does the amount
alleged and prayed for in the original complaint control, or
does the amount alleged and prayed for in the amended
complaint determine the original amount in controversy.
The amount alleged and prayed for in the original com-
plaint was in excess of $200. But the excess was stricken
out on motion of appellant by an order of the court en-
tered on the journal. It is true no formal exception to this
order was taken by respondent, but none was necessary.
The Code provides: "It shall not be necessary or proper
to take or enter an exception to any ruling or decision men-
tioned in the last section which is embodied in a written
judgment, order or journal entry in the cause." Bal. Code,
§ 5051. If judgment had gone against the plaintiff after
the amended complaint had been filed and trial had, and
plaintiff had appealed, this court would certainly have en-
tertained jurisdiction of such appeal, because the original
amount in controversy was more than $200. On such ap-
peal this court would have reviewed the ruling of the lower
court in striking out the items in excess of $200. Since the
plaintiff could have appealed because the original amount
in controversy was in excess of $200, it follows for the
same reason that the defendant may now appeal, and that
this court has jurisdiction. The motion is therefore de-
nied.

. Errors 1 and 2 are based upon rulings of the lower court
permitting plaintiff to testify as to the quantity and value
of milk given by the cows. This class of evidence was of-
fered as tending to show the value of the cows. We think
it was competent for that purpose. The value of the cows
was an issue in the case. The cows were chiefly valuable
for milk, and the quantity and value thereof was a factor
which the jury had a right to consider with other evidence
in arriving at their market value.

The third and fourth errors assigned are based upon the refusal of the court to allow defendant to show that there were natural barriers at or near the point where the cattle were killed, unless it was also shown that the track was also fenced at other places near said point and connected with such natural barriers, and an instruction to the jury based thereon as follows:

"If you find that the railroad track at the point where the cattle were killed was not fenced so as to turn stock from the track, this is *prima facie* evidence of negligence on the part of the company."

The statute, at § 4332, Bal. Code, provides that, "it shall be *prima facie* evidence of negligence on the part of the defendant to show that the railroad track was not fenced so as to turn said stock from the track." The instruction was clearly within the terms of the statute. It was not contended in the case that the natural barrier was anything more than a steep hill or bank along one side of the track for a distance of about sixty feet, and a fill on the other side. There was nothing to prevent stock from going upon the track at this point. It is no doubt true that natural barriers are equivalent to a legal fence where they answer the purpose of a fence and are used as such in connection with a fence; but where there is no attempt to fence the track, and the barriers, though competent for the purpose, are not used as a fence, and there is free access at each end of such barriers, they cannot be held to constitute a fence. If the track had been fenced for a distance of sixty feet on each side thereof and the ends not closed thereby allowing free ingress and egress upon the track to stock, it could not be held to be a fence *"so as to turn stock from the track."* For this reason the rulings of the court, both in excluding the evidence and in giving the instructions, were correct. There was no evidence whatever in

the record tending to show that the defendant willfully or negligently turned his cattle upon the track, or that they were accustomed to stray thereupon, and for that reason the court properly refused to instruct the jury in reference thereto.

There is no error in the record, and the judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, J., concur.

ANDERS, J.—While I fully concede that the conclusion announced in the foregoing opinion upon the merits of this case is correct, I am of the opinion that the motion to dismiss the appeal should have been granted, upon the ground that this court has no jurisdiction of the cause. When the amended complaint was filed, the first complaint became *functus officio,* and of no more force than if it had never been filed at all. And since the plaintiff, in the amended complaint on which the trial was had, alleged in effect that he had been damaged in the sum of $200, and demanded judgment for that amount only, it appears clear to my mind that the amount in controversy, not being in *excess* of $200, was not sufficient to confer jurisdiction upon this court. I think the amount actually sought to be recovered at the time of the trial must be held to be the "original amount in controversy" within the meaning of the constitution.

DUNBAR, J., concurs with ANDERS, J.