EDWARD GREEN, Admr., Plaintiff in Error, *vs.* RED CROSS MEDICAL SERVICE COMPANY, Defendant in Error.

*Opinion filed February 20, 1908.*

1. CONSTITUTIONAL LAW—*right of a citizen to insist upon uniform laws.* Every citizen has a right, under the guaranties of the constitution, to insist that his rights of life, liberty and property shall be determined by the same rules which settle and determine similar rights of others.

2. SAME—*provision of the Practice act providing for review of facts by Supreme Court is invalid.* The provision of section 120 of the Practice act of 1907 which purports to authorize the Supreme Court to review the facts where the Appellate Court, without awarding a new trial, reverses the judgment below because it differs from the trial court as to the facts, is unconstitutional, as conferring upon one party to the suit a privilege not enjoyed by the other and as denying to the latter the equal protection of the laws, in that he is not entitled to have the facts reviewed if they are found against him by the Appellate Court.

3. SAME—*power of legislature to change remedies or give new ones.* The legislature has power to change, from time to time, laws which pertain merely to the remedy and to make them applicable to pending cases, provided the changes are made with a proper regard to the constitution and individual rights; and it may give remedies where none existed before, or change the nature of the remedies, but the privilege granted to one must be extended to all.

4. APPEALS AND ERRORS—*provision of Practice act making Appellate Court's judgment final as to the facts, governs.* Since the provision of the Practice act giving one party, only, the right to have the facts in a suit at law reviewed by the Supreme Court is unconstitutional, the other portion of such act which provides that cases at law brought by appeal or writ of error from the Appellate Court to the Supreme Court shall be examined as to questions of law, only, governs.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

CHARLES C. SPENCER, for plaintiff in error.

WALTER J. MILLER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Red Cross Medical Service Company, defendant in error, a corporation doing business in Chicago and issuing contracts or policies by which it agrees to provide medical attendance to the holder, issued such a contract or policy, dated February 3, 1902, to Henry C. Bluhm, by which it agreed to furnish to him, in consideration of the payment of forty-five cents weekly, free medical attendance and free surgical care at his home whenever he might be totally incapacitated from work, and a free consultation and treatment, at all times during office hours, at the office of the physician to whose care he might be assigned. The corporation agreed to appoint a competent physician and surgeon

to examine and attend Bluhm, and the physician designated
for that purpose was Dr. W. H. Webster. There had been
a similar contract held by Bluhm previously, and in the lat-
ter part of January, 1902, he was taken sick. Dr. Webster
was called by Bluhm's wife in accordance with the contract
and came to Bluhm's house on January 28 and gave him a
prescription for rheumatism, from which he appeared to be
suffering. The doctor came again four or five days later
and directed him to keep on taking the same medicine. He
next came on Tuesday, February 11, when he still thought
that Bluhm's trouble was rheumatism complicated with peri-
carditis, and he made a new prescription. On Wednesday,
February 12, the doctor called again and directed Bluhm to
continue the same medicine. He did not come back, and
on Thursday evening Mrs. Bluhm sent for another physi-
cian, who concluded that he could do nothing for the pa-
tient, who was then quite ill. On Friday night another
doctor was called and found Bluhm dying with pneumonia,
and he died on Saturday forenoon, February 15. He left
a widow and two children, and Edward Green, plaintiff in
error, was appointed administrator of his estate and brought
this suit.

The original declaration was in assumpsit, but the suit
was afterward changed to an action on the case to recover
the damages resulting to the widow and next of kin from
the death of Bluhm, and the ground of liability alleged was
the negligence and want of skill of Dr. Webster, the phy-
sician employed by the defendant. The case was tried upon
the amended declarations and a plea of not guilty, and there
was a verdict for $5000, followed by a judgment. Defend-
ant appealed to the Appellate Court for the First District,
and that court, on April 5, 1906, reversed the judgment of
the circuit court without remanding the cause, and incor-
porated in the judgment of reversal the following finding
of facts: "And the court, upon the allegations and proofs
in the record in this case contained, doth find that the death

of Henry C. Bluhm, deceased, appellee's intestate, was not caused by any act, neglect or default of appellant." After the present Practice act went into effect the plaintiff in error, who was appellee in the Appellate Court, sued out of this court, on September 20, 1907, a writ of error to the Appellate Court, and the record has been brought here for review.

The ground upon which a reversal is asked is that the Appellate Court erred in finding the fact that the death of Henry C. Bluhm was not caused by any act, neglect or default of the defendant in error, who was appellant in the Appellate Court.

We are asked to review the finding of the Appellate Court as to the fact found and incorporated in the judgment of that court by virtue of the provision of section 120 of the Practice act, which provides that if the Appellate Court shall reverse a judgment of the trial court as the result of finding the facts different from the finding of the trial court, and does not remand the cause, both the facts and law shall stand for review in this court. We have held that provision to be in violation of the constitution, as conferring upon one party to a litigation a special privilege not enjoyed by the other party, and as denying to the party whose rights are limited on the appeal, and who has no right to have the facts reviewed in case they are found against him by the Appellate Court, the equal protection of the laws. *Hecker* v. *Illinois Central Railroad Co.* 231 Ill. 574; *Jones* v. *Chicago, Rock Island and Pacific Railroad Co.* id. 302.

The legislature may change laws which merely pertain to the remedy, from time to time, and make them applicable to pending cases, provided the changes are made with proper regard to the constitution and individual rights. The legislature may give remedies where none existed before or may change the nature of the remedies, but the privilege granted to one must be extended to all. That the legisla-

ture may make the right of appeal depend either upon the amount in controversy, the amount of the judgment or the amount·claimed in the pleadings, or may fix different con- . ditions on which appeals may be allowed in different classes of cases, is not doubted; but it is not within their power to allow an appeal in any case and fix different terms or conditions for the different parties by giving to one party a limited right of appeal on questions of law and providing that he shall not assign any error calling in question the determination of the Appellate Court upon the controverted questions of fact, and giving to the other party a right to have the judgment reviewed on all questions, both of law and fact.    To do that is to confer a special privilege on one party to the suit, to deprive the other party of the equal protection of the laws and infringe upon the guaranty that no person shall be deprived of life, liberty or property without due process of law, which means the law of the land or laws operating uniformly under general rules applicable to all parties.    Every citizen has a right, under the guaranties of the constitution, to insist that his rights of life, liberty and property shall be determined by the same rules which settle and determine similar rights of others.

The provision of the Practice act giving to one party a right to a review of the facts being a violation of the constitution, the other provision of the same act which provides that cases brought by appeal or writ of error from the Appellate Courts shall be re-examined as to questions of law, only, and that no assignment of error shall be allowed to call in question the determination of the Appellate Court upon controverted questions of fact, must be held to govern.

· The judgment of the Appellate Court necessarily resulted as a conclusion of law from the fact found, and as no error is alleged except that the court erred in finding the fact, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*