LOUIS REINHARDT, Appellant, *vs.* THE CHICAGO JUNCTION RAILWAY COMPANY, Appellee.

*Opinion filed June 18, 1908—Rehearing denied October 17, 1908.*

1. APPEALS AND ERRORS—*proviso to section 120 of Practice act, concerning review of facts, is invalid.* The proviso to section 120 of the Practice act of 1907, purporting to authorize the Supreme Court to review the facts where the Appellate Court in an action at law reverses, without remanding, because it finds the facts different from the finding of the trial court, and in cases where the justices of the Appellate Court are divided in opinion, is unconstitutional. (*Hecker* v. *Illinois Central Railroad Co.* 231 Ill. 574, and *Hackett* v. *Chicago City Railway Co., ante,* p. 116, followed.)

2. EVIDENCE—*what is properly refused in action for injury at crossing.* In an action for injury to the driver of a police patrol wagon at a railroad crossing, where there is a controversy as to whether the crossing was a public or a private one and whether the plaintiff was a mere licensee, proof offered by the plaintiff to show that the only passable street for several blocks was blocked by track elevation, that a viaduct over defendant's tracks was impassable at the time, and that he had never been told he did not have an absolute right to use the crossing, is properly excluded.

CARTWRIGHT, C. J., and HAND and VICKERS, JJ., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. C. BARNES, Judge, presiding.

JAMES C. McSHANE, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, (SILAS H. STRAWN, and JOHN D. BLACK, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

In an action on the case in the superior court of Cook county for personal injuries appellant recovered against appellee a judgment, which the Branch Appellate Court reversed without remanding, with a finding of facts that the appellant was guilty of negligence which contributed to his injury. The judgment of the Branch Appellate Court recites that one of the judges dissented from said finding of facts, order and judgment, and it is therefore claimed that both the law and the facts stand for review in this court under section 120 of the Practice act.

Section 120 reads as follows: "If any final determination of any cause or proceeding whatever except in chancery shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts, concerning the matter in controversy, different from the finding of the court from which such cause or proceeding was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree, the facts as found; and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause or proceeding: *Provided,* in actions at law where the Appellate Court reverses the judgment of the trial court without awarding a trial *de novo,* as the result wholly or in part of finding the facts different from the finding of the trial court and in cases where the justices of the Appellate Court are divided in opinion on the law or facts, and the cause is taken by appeal or writ of error to the Supreme Court, then the provision that the judgment of the Appellate Court shall be final as to the facts, shall not apply, and both the facts and the law shall stand for review in the Supreme Court as in the Appellate Court."

By virtue of section 122 of the Practice act the finding of facts by the Appellate Court is final and conclusive in

235—37

all cases except as otherwise provided in the act, and it is not otherwise provided in the act unless it is in section 120. This section deals only with cases in which the judgment of the Appellate Court is based on its finding the facts different from the finding of the trial court. Such cases constitute the whole subject matter of the section, and it declares that in all such cases the finding of facts shall be final and conclusive except in two classes of cases mentioned in the proviso. These are actions at law where the Appellate Court reverses the judgment of the trial court without awarding a trial *de novo,* and cases (whether actions at law or not) where the judges of the Appellate Court are divided in opinion on the law or the facts. In *Hecker* v. *Illinois Central Railroad Co.* 231 Ill. 574, we held the exception of the first class of cases from the rule that the Appellate Court's finding of facts should be final and conclusive was unconstitutional because it was discriminative between the parties, allowing a review of the facts on appeal to one party while denying it to the other. The same objection exists to the constitutionality of the exception of the second class of cases. Those cases in which the question of fact is open for review because of a division of opinion among the judges are cases excepted out of the class with which the section deals,—that is, cases in which the decision of the Appellate Court is based on a finding of facts different from the trial court. In such case the appellee may have the facts reviewed on appeal, but his opponent could not have such review if the finding of the Appellate Court had been the same as that of the trial court, and in this consists the discrimination.

It is argued, however, that the expression, "cases where the justices of the Appellate Court are divided in opinion on the law or facts," is not limited to cases in which the decision of the Appellate Court is based on a finding of facts different from the finding of the trial court, but applies to all cases, whether of reversal or affirmance, and

whether based upon the same or a different finding of facts. In the case of *Hackett* v. *Chicago City Railway Co.* (*ante,* p. 116,) we have held that the proviso to section 120 is limited to cases mentioned in that part of the section preceding the proviso, and that, in accordance with the reasoning in *Hecker* v. *Illinois Central Railroad Co. supra,* the proviso is violative of section 22 of article 4 of the constitution of the State. The finding of facts by the Branch Appellate Court is therefore conclusive here.

Cross-errors were assigned in the Appellate Court on the rejection of certain evidence offered by the plaintiff, and the appellant here renews and insists upon these assignments of error. Appellant was a police patrol-wagon driver, and his injuries were caused by a collision between the patrol wagon which he was driving and a railroad train at the crossing of the defendant's railroad and Exchange avenue, within the Union Stock Yards, in the city of Chicago. There was controversy at the trial as to whether this crossing was a crossing which the public had a right to use or was private, and whether the plaintiff was lawfully using the crossing or was there as a mere licensee, to whom the railroad company owed no duty. The appellant proved that the patrol wagon had been called to a point some distance east of the stock yards to remove an injured man, who lived south of Forty-seventh street and west of the stock yards, and that the appellant was directed by his superior officer who had charge of the patrol wagon to drive west over Exchange avenue, which would lead him over the crossing where he was injured. The appellant offered to show that Forty-seventh street was blocked at the time by track elevation, and that there was no other street passable that the appellant could have used between Thirty-fifth street on the north and Fifty-first street on the south. He also offered to show that a viaduct extending over the tracks in question was impassable on the night of the injury. He also offered to show that he had never been told that he had not an

absolute right to go over the crossing. None of these things were material. They could not affect the question whether appellant was rightfully at the crossing, or whether he exercised due care, or whether appellee was negligent.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, C. J., and HAND and VICKERS, JJ., dissenting, for the reasons stated in the dissenting opinions in *Hackett* v. *Chicago City Railway Co.* (*ante*, p. 116.)