MACKEY v. ATOKA *et al.*

No. 2033.   Opinion Filed September 12, 1912.

(126 Pac. 767.)

**WILLS—Appealable Order—Petition to Revoke Probate of Will.** An order or judgment of a county court in dismissing a petition for the revocation of the probate of a will is an appealable order, under subdivision 8 of section 5451, Comp. Laws 1909.   The appeal lies to the district court.

(Syllabus by Robertson, C.)

*Error from District Court, Latimer County;*
*Malcolm E. Rosser, Judge.*

Action by Forbes Mackey against Betsie Atoka and Simon Atoka to set aside the probate of a will.   Judgment for defendants, and plaintiff brings error.   Reversed and remanded.

On May 6, 1907, Sillin Harkins, a full-blood Choctaw Indian, executed a will, bequeathing all her property, real and personal, to Betsie Atoka and Simon Atoka.   The testatrix died May 8, 1907, and the will was filed for probate on May 23, 1907, at Wilburton, Okla., in the office of the clerk of the United States Court for the Central District of Indian Territory, and on the same day the clerk in vacation issued a certificate of probate for the same.   Thereafter, on August 27, 1907, the United States Court for said district confirmed the probate of the will.   On December 18, 1908, Mackey filed his petition in the county court of Latimer county (which court is the successor of the probate court of the United States Court for the Central District of the Indian Territory), asking that the probate of the will be set aside, and he be let in to contest the validity of the will.   On February 3, 1909, the county court sustained a demurrer to the petition filed by Mackey on the ground that the relief sought was barred by the statute of limitations, and thereupon dismissed the petition.   Mackey appealed to the district court of Latimer county from the judgment of said county court, where on Oc-

tober 5, 1909, on a motion of the beneficiaries named in the will, the appeal was dismissed for the reason that the order of the county court in dismissing the petition for the revocation of the probate of the will was not an appealable order, and that, therefore, the district court of Latimer county had no jurisdiction over the subject-matter.

*Welch & Cruthis,* for plaintiff in error.

*Chas. H. Hudson,* for defendants in error.

Opinion by ROBERTSON, C. (after stating the facts as above). It is conceded by counsel for both parties that there is but one question in this case for the consideration of this court, and that is: Will an appeal lie from the county court to the district court, on an order dismissing a petition praying for the revocation of the probate of a will? We think an appeal will lie in such case. Section 16 of article 7 of the Constitution of Oklahoma (Williams' Ann. Const. Okla. [201]), reads as follows:

"Sec. 16. Until otherwise provided by law, in all cases arising under the probate jurisdiction of the county court, appeals may be taken from the judgments of the county court to the district court of the county in the same manner as is now provided by the laws of the territory of Oklahoma for appeals from probate court to the district court, and in all cases appealed from the county court to the district court, the cause shall be tried *de novo* in the district court upon questions of both law and fact."

At the time of the adoption of the Constitution, the law of the territory of Oklahoma governing appeals from the probate court was found in section 317, c. 22, art. 13, Wilson's Rev. & Ann. St. 1903 (section 5451, Comp. Laws 1909), which reads as follows:

"An appeal may be taken to the district court from a judgment, decree or order of the county court: (1) Granting, or refusing, or revoking letters testamentary or of administration, or of guardianship. (2) Admitting or refusing to admit, a will to probate. (3) Against or in favor of the validity of a will or revoking the probate thereof. (4) Against or in favor of setting apart property, or making an allowance for a widow or child. (5)

Against or in favor of directing the partition, sale or conveyance of real property. (6) Settling an account of an executor, or administrator or guardian. (7) Refusing, allowing or directing the distribution or partition of an estate, or any part thereof or the payment of a debt, claim, legacy or distributive share; or from any other judgment, decree or order of the county court, or of the judge thereof affecting a substantial right."

Counsel for defendants in error relies on subdivision 3 of section 5451, *supra*, as supporting his contention, and cites *Estate of Sbarboro, Deceased*, 70 Cal. 147, 11 Paç. 563, in support thereof. But a comparison of section 963 of the Code of Civil Procedure of California, from whence subdivision 3, *supra*, came, with section 5457, Comp. Laws 1909, discloses a dissimilarity that renders the contention of counsel untenable. Section 963 of the California Code of Civil Procedure, prior to its amendment in 1901, provided by the third subdivision thereof for appeals from the probate court "from a judgment or order granting or refusing to grant, revoking or refusing to revoke, letters testamentary, or of administration or of guardianship." The amendment of 1901 added the words "or refusing to revoke" probate of will. Under the original provision of the California statute, no appeal would lie, while under the amendment all question of right of appeal is removed. But section 963 of the California Code of Civil Procedure and the California decisions thereunder do not control on this subject in this state, for the reason that out statute regulating appeals is much broader than the California statute, and provides for appeals in subdivision 8 thereof "from any other judgment, decree, or order of the probate court, or the judge thereof, affecting a substantial right." If the allegations of the petition for the revocation of the will, as filed by Mackey, are true, then the ruling of the county court in dismissing the petition undoubtedly deprives him of a substantial right, and the appeal should not have been dismissed. Appeals are favored by the law, and should not be denied any person when he brings himself within the provisions of the statute.

For the error in dismissing the appeal from the county court, the judgment of the district court of Latimer county should be reversed, and the cause remanded, with instructions to rein-

state the action, and to proceed with the hearing in conformity with the views herein expressed.

By the Court:   It is so ordered.