(No. 6035.   January 10, 1934.)

RAY R. PORTER, Appellant, v. ESTATE OF LESLIE ALBERT PORTER, Deceased, and ROSE L. PORTER and LEWISTON NATIONAL BANK, Executors of the Estate of LESLIE ALBERT PORTER, Deceased, et al., Respondents.

[28 Pac. (2d) 898.]

Leo McCarty, for Appellant.

Tannahill & Durham, for Respondents.

GIVENS, J.—August 11, 1932, appellant petitioned for the revocation of the probate December 14, 1931, of his father's will, because of the alleged invalidity thereof. The executor filed a general demurrer and thereafter, a general

denial, and October 3, 1932, the probate court by appropriate order denied the petition, thereupon, October 11, 1932, the appellant appealed to the district court which, February 25, 1933, dismissed the appeal on the ground that subd. 3, sec. 11–401, I. C. A., or otherwise gives no appeal from an *order refusing to revoke the probate* of a will.

Appellant contends that because his petition was based on the alleged invalidity of the will his appeal herein could be, and should be, considered as from an order in favor of the validity of the will under the first clause of subd. 3, sec. 11–401, I. C. A.

Sections 15–223 through 15–229, I. C. A., provide the procedure for, within eight months after an order probating a will, having such probate set aside.

The legislature in providing for appeals from the probate court has made the distinction between appeals from an order vacating and invalidating a will, the culmination thereof provided for in sections 15–202—15–210, I. C. A., and an appeal from an order revoking such probate under the proceedings outlined in sections 15–223—15–229, I. C. A.

By the allegations of his petition and a comparison of the relevant dates it is apparent appellant comes within the second outlined statutory proceeding and not the first.

Appellant relies principally upon two cases to support his contention that subd. 3, sec. 11–401, I. C. A., should be construed as giving an appeal herein. (*In re Bailey's Estate*, 31 Nev. 377, 103 Pac. 232, Ann. Cas. 1912A, 743.) The statute there, however, has a provision which we do not have and which justifies the decision therein but does not support a construction favorable to appellant.

"Any person interested in, affected by, and aggrieved at the decision and decree of the district court . . . . and any other decision wherein the amount in controversy equals or exceeds, exclusive of costs, one thousand dollars, may appeal to the Supreme Court of the state, . . . . "

Likewise in the case of *Mackey v. Atoka*, 34 Okl. 572, 126 Pac. 767; "from any other judgment, decree, or order of

the probate court, or the judge thereof, affecting a substantial right.''

In none of the other cases cited by appellant was the point involved herein raised or passed upon, nor has this court, though appeals may have been taken from orders refusing to revoke the probate of a will, ever considered or decided the point.

The California statute prior to 1901, was, and Montana's now is, identical with ours, and both have held that no appeal lies from an order *refusing to revoke* the probate of a will. (*In re Ferguson's Estate,* 73 Mont. 596, 237 Pac. 1105; *Winslow's Estate v. Eaton,* 128 Cal. 311, 60 Pac. 931. See, also, *In re Tuohy's Estate,* 23 Mont. 305, 58 Pac. 722; *In re Kelly's Estate,* 31 Mont. 356, 78 Pac. 579, 79 Pac. 244; *Estate of Sbarboro,* 70 Cal. 147, 11 Pac. 563; *In re Hathaway's Estate,* 111 Cal. 270, 43 Pac. 754.)

Appellant contends, however, that it is unfair to construe the statute as allowing one side an appeal and not the other, relying on 3 C. J. 399 and 616.

Two lines of authority that have considered the element of "unfairness" of a one-sided appeal statute, one line, to remove such inequality allows an appeal to both parties,[1] the other line of authority, to balance the scales, denies both an appeal.[2]

This court has, however, repeatedly held, that an appeal is purely statutory and that the legislature has, under the Constitution, the sole right, to grant or withhold, a right

[1] *Taylor v. Spokane Falls & Northern Ry. Co.,* 32 Wash. 450, 73 Pac. 499; *Penter v. Staight,* 1 Wash. 365, 25 Pac. 469; *Silvain v. Benson,* 83 Wash. 271, 145 Pac. 175; *Gorham-Revere Rubber Co. v. Broadway Automobile Co.,* 71 Wash. 578, 129 Pac. 89; *Russell v. Wheeler et al.,* 21 Fed. Cas. 66, No. 12,164a (Hempst. 3); *State ex rel. Leche, District Attorney, v. Fowler,* 41 La. Ann. 380, 6 So. 602; *New Orleans, St. J. & G. I. R. Co. v. Barton,* 43 La. Ann. 171, 9 So. 19.

[2] *Heckler v. Illinois Cent. R. Co.,* 231 Ill. 574, 83 N. E. 456; *Green v. Red Cross Medical Service Co.,* 232 Ill. 616, 83 N. E. 1081; *Reinhardt v. Chicago Junction Ry. Co.,* 235 Ill. 576, 85 N. E. 605; *In re City of Rochester v. Holden,* 224 N. Y. 386, 121 N. E. 102; *Hilton v. Dickenson,* 108 U. S. 165, 2 Sup. Ct. 424, 27 L. ed. 688.

of appeal in any and all matters coming before the probate courts. (*Estate of McVay*, 14 Ida. 56, 93 Pac. 28; *In re Sharp*, 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886. See, also, *Chandler v. Probate Court*, 26 Ida. 173, 141 Pac. 635.) And thus this court has, in the past at least, aligned itself with the attitude of the Montana and California courts which deny an appeal. (*Earl Fruit Co. v. State*, 40 Ida. 426, at 431, 233 Pac. 518.)

■ Since no appeal is provided by the statute from an order refusing to revoke the probate of a will and it was within the discretionary powers of the legislature, to allow or grant one, we may not usurp the prerogative of the legislature and read into the statute something which is not there. (*General Custer Min. Co. v. Van Camp*, 2 Ida. 40, 3 Pac. 22; *Pierson v. State Board of Land Commrs.*, 14 Ida. 159, 93 Pac. 775; *Ingard v. Barker*, 27 Ida. 124, at 135, 147 Pac. 293; *Eaton v. Glindeman*, 33 Ida. 389, at 394, 195 Pac. 90; *In re Drainage Dist. No. 3*, 40 Ida. 549, at 554, 235 Pac. 895.)

■ Appellant further contends that a tacit construction and usage of a statute which has long been established should not be departed from. In other words judicial repose should be accorded to the operation of or under statutes long acquiesced in. (*Rogers v. Goodwin*, 2 Mass. 475; *Ferris v. Coover*, 11 Cal. 175; *Continental Imp. Co. v. Phelps*, 47 Mich. 299, 11 N. W. 167; 59 C. J. 1036.)

The application of such rule, appellant contends, rests on *Morgan v. Ireland*, 1 Ida. 786; *Snyder v. Raymond*, 48 Ida. 810, 285 Pac. 478. *Morgan v. Ireland, supra,* was decided in 1880, the circumstances out of which it arose occurring in 1878, at which time the Probate Practice Act of 1871 and 1875 was in effect, which by section 300, page 301, 1875 Laws of Idaho, gave an appeal to the district court in probate matters, "to any person aggrieved or affected by any order of the probate court," which is much broader than the present statute, section 11–401, I. C. A., which first appears in the Civil Code of Procedure of 1881, and in neither *Morgan v. Ireland, supra,* nor *Snyder v. Raymond,*

*supra,* decided 1930, does it appear that the right of appeal was questioned.

While perhaps other cases have been appealed to the district court from an order refusing to revoke the probate of a will they have not been called to our attention, nor has it been shown that there has been such a continuing knowing acquiescence by the legislature or court in such practice, as to warrant the assumption that the legislature has impliedly consented to, or accorded, such a construction of or to the statute.

Judgment of the district court must therefore be affirmed and costs awarded to respondents.

Budge, C. J., and Holden and Wernette, JJ., concur.

Morgan, J., dissents.