JUDGE HARDIN
delivered the opinion op the court.
The appellant became the administrator of the estate of Joseph Bowyer in 1858, and made a settlement of his accounts as such in March, 1861, showing a balance of assets in his hands of $1,386.99 for distribution, of which the appellees— the several children and grandchildren of William Bowyer, deceased, a son of said Joseph — were entitled collectively to one third part as heirs and distributees of said Joseph Bowyer; and in September, 1868, the' appellees brought this action *514 jointly against the appellant to recover an alleged balance of their several shares of the amount found due by the settlement to them as representatives of William Bowyer, deceased, as aforesaid, with interest from the date of the settlement. The suit being by ordinary proceeding upon the appellant’s bond as administrator, and it having resulted in a joint judgment for the plaintiffs for $209.07, as the aggregate balance of their several shares with interest as claimed, the defendant has appealed to this court.
Proper and timely objection was taken in the court below to the assumed right of the several plaintiffs to recover jointly, and as one demand, their respective claims as distributees. Whether or not the court erred in overruling this objection is the principal question to be determined on this appeal, and the only one we deem it necessary to decide.
The Civil Code of Practice, section 36, provides that “ of the parties to the action those who are united in interest must be joined as plaintiffs or defendants;” and there can be no doubt that in equitable actions for the settlement of estates several distributees might unite as plaintiffs. But except in a particular class of cases, not embracing this, we know of no authority for uniting as co-plaintiffs several parties having separate and independent rights of action against the same defendant, or for a joint recovery thereon, unless the objection for the misjoinder be waived. It seems to us there was no such common object or unity of interest in the plaintiffs in this case as was necessary to entitle them to sue and recover by a joint judgment their several claims against the defendant, and the judgment is therefore erroneous.
Wherefore the judgment is reversed, and the cause remanded for further proceedings or orders not inconsistent with this opinion.