[No. 13232. Department Two.—December 20, 1889.]

IN THE MATTER OF THE ESTATE OF E. F. OHM, DECEASED. ANNA A. OHM, ADMINISTRATRIX, ETC., APPELLANT, *v.* SUSAN E. JUDGE, RESPONDENT.

APPEAL — NON-APPEALABLE ORDER — ORDER FOR SUIT IN NAME OF ADMINISTRATRIX — FRAUDULENT CONVEYANCE. — An order compelling an administratrix to allow her name to be used by a creditor of the estate, in a suit to set aside a conveyance of the decedent as having been made to defraud his creditors, is not appealable.

ID. — FINAL ORDERS IN SPECIAL PROBATE PROCEEDINGS — CONSTITUTIONAL CONSTRUCTION — MAXIM. — Final orders in special probate proceedings are not appealable as final judgments entered in a special proceeding commenced in a superior court, when not included in the enumeration of appeals allowed in probate matters contained in the third subdivision of section 963 of the Code of Civil Procedure. Under the settled construction of the constitution, which provides for appeals in all such probate matters as may be provided by law, appeals in probate matters not provided for by law are excluded, in view of the maxim, *Expressio unius est exclusio alterius.*

APPEAL from an order of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*W. C. Belcher*, for Appellant.

*J. M. Kinley*, for Respondent.

VANCLIEF, C.—This is a proceeding in the probate department of the superior court of the city and county of San Francisco, on the petition of Susan E. Judge, based on sections 1589, 1590, and 1591 of the Code of Civil Procedure, and stating, substantially, that the deceased, in his lifetime, owned a large amount of valuable real estate, which was community property of himself and his wife, Augusta L. Ohm, and which he had conveyed to his wife, without consideration, for the purpose of defrauding his creditors, of whom the petitioner was one, in the sum of five thousand dollars; that the petitioner, in due time, presented to the administratrix of

the estate, for allowance, her claim for said sum of five thousand dollars, which was rejected by the administratrix, and that petitioner had commenced an action in the superior court against the administratrix for the recovery of the same, which action is still pending and undetermined; that there are not sufficient assets of said estate to pay the claim if judgment shall be recovered therefor; that the petitioner requested said administratrix to commence and prosecute an action against Augusta L. Ohm to recover said property so fraudulently conveyed, offering to defray all expenses of such action, and that the administratrix refused to commence such action. The prayer of the petition is, that the court order the administratrix to allow her name to be used as plaintiff in an action against Augusta L. Ohm to set aside said fraudulent conveyance made to her by the decedent in his lifetime, and to have the property so conveyed adjudged to be the property of the estate, subject to the payment of its debts.

On the hearing, the court "ordered that said petitioner, Susan E. Judge, be and she hereby is allowed to sue for said real estate in the name of Anna A. Ohm, said administratrix; and said Anna A. Ohm, administratrix, is hereby ordered to allow her name to be used in any such suit for the recovery thereof for the benefit of said estate and the creditors thereof, and any such suit to be prosecuted to final judgment, on the condition that said petitioner, Susan E. Judge, defray all expenses and costs of such suit and save the said administratrix harmless therefrom."

From this order the administratrix appeals; and the only point made by counsel for respondent is that the order is not an appealable order.

The appellant's counsel contends, however, that the order appealed from was made in a "special proceeding commenced in a superior court," and is the "final judgment entered" therein, in the sense of the first division

of section 963 of the Code of Civil Procedure, and is therefore appealable.

Whether this proceeding is "a special proceeding" or not, it certainly is a "probate matter." Its purpose is to control the official action of the administratrix in the matter of collecting and applying alleged assets of the estate.

The constitution provides that "the supreme court shall have appellate jurisdiction . . . . in all such probate matters as may be provided by law." (Art. 6, sec. 4.) The only provisions of law, as to appeals in probate matters, are contained in the third subdivision of section 963 of the Code of Civil Procedure, in which is to be found no provision for an appeal from such an order as that appealed from in this case. In *Estate of Montgomery,* 55 Cal. 210, *Estate of Sbarboro,* 70 Cal. 147, and *Estate of Keane,* 56 Cal. 407, it was decided that an appeal does not lie from an order denying a petition for the revocation of letters of administration, because such order is not included in the section 963 of the Code of Civil Procedure. In *Estate of Carpenter,* 73 Cal. 202, it was held, for the same reason, that an appeal does not lie from an order appointing a special administrator; and in *Estate of Poten,* 72 Cal. 576, that an appeal does not lie from an order refusing to compel the clerk of the court to pay over money in his hands belonging to the estate to a special administrator. Were not the proceedings in which the orders appealed from were made, in all the cases here cited, special proceedings in the same sense that the proceeding in the case at bar is a special proceeding?

This question, however, need not be answered here, further than to say that the construction, by this court, of the constitutional provision above quoted excepts final orders in special *probate* proceeding, if any such there be, from the operation of the code rule, that appeals lie from "a final judgment entered . . . . in a special

proceeding commenced in a superior court"; and this construction was probably given in view of the maxim, *Expressio unius est exclusio alterius.* The constitutional expression that appeals lie "in all such probate matters as may be provided by law" excludes appeals in probate matters not provided for by law. At all events, this is the effect of the cases above cited; and upon their authority I think the appeal should be dismissed.

Hayne, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the appeal is dismissed.

Hearing in Bank denied.