RAY *v.* MOORE, ADMINISTRATOR, ET AL.

[No. 2,466.   Filed April 7, 1898.]

PRACTICE.—*Correction of Record.*—The court may of its own motion, and without notice to the parties, direct that an entry of judgment erroneously made, and not yet signed by the judge, be stricken from the docket.  *p. 693.*

APPEAL.—*Order of Court Admitting Parties Defendant.—Not Final Judgment.*—An appeal cannot be prosecuted from an order of court admitting on petition parties defendant.  *pp. 693, 694.*

From the Tippecanoe Circuit Court.  *Appeal dismissed.*

*Paul & Van Cleave,* for appellant.

*Thompson & Storm* and *Crane & Anderson,* for appellees.

COMSTOCK, J.—This appeal is from an order of the lower court vacating and setting aside an alleged judgment in favor of appellant against appellee Moore, as administrator of the estate of Eli H. Dick, deceased, for $10,350.00.  The claim was based upon a written instrument of which the following is a copy: "Illinois, Sept. 5, 1896.   After death —— days after date I promise to pay to the order of Emerson Ray ten thousand dollars, value received without any relief from valuation or apraisement laws at—— per cent. with interest until paid, and attorney's fees. The drawers and indorsers severally waive presentment for payment, protest and notice of protest and nonpayment of this note.   E. H. Dick."

The record discloses that this claim was filed in the clerk's office of said court on the 19th day of April,

1897, verified by the attorney for claimant, and placed upon the claim and allowance docket of said court, and disallowed as a claim pending against said estate. On the 24th day of April, 1897, by agreement of said administrator and claimant, and by order of said court, said claim was transferred to the issue docket for trial.   On said last named date said administrator demurred to the complaint and claim on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and upon the same date the claim was submitted to the court for hearing and determination.   The record recites that the court after hearing the evidence and being fully advised thereon, found for the claimant, and that there was due him the sum of $10,350.00 of which sum $250.00 was for plaintiff's attorney's fees, and that judgment was thereupon rendered upon said finding.

Under date of April 30th, 1897, the following order book entry appears:   "The record of the proceedings of this court of April 24, 1897, not having been signed or approved by the court at this date, and it appearing to the court that no judgment was rendered by the court upon the findings made April 24th, 1897, in the case of Emerson Ray against Hiram W. Moore, administrator of the estate of Eli H. Dick deceased, but that the court took the matter under advisement, and that the clerk through mistake has caused the record to show that a judgment was rendered in favor of the claimant in said cause.   It is therefore ordered by the court that so much of said record of April 24, 1897, as relates to the rendition of a judgment in this case, and the mistaken judgment in this case be stricken out and held for naught, and the clerk is ordered to insert this order in the said record of April 24, 1897, immediately following said judgment so

entered by mistake which is done prior to the signing of the record of April 24, 1897, by the clerk. And the court now signs the said record of April 24, 1897."

Thereafter on said day Jesse N. Dick and Eli John Coding, by his guardian R. A. Coding, heirs at law of said decedent, filed their verified petition asking to be allowed to defend against said claim, and asking for an order vacating and setting aside the submission for trial and all the proceedings had on said claim on said April 24, 1897, and filed therewith their bond, which was approved by the clerk of said court to the administrator, conditioned for the payment of all costs adjudged against him in said claim.

The court overruled appellant's demurrer to the petition and ordered that Dick, and Coding, guardian, be admitted to defend against said claim. The court also ordered that all proceedings had on said claim on said April 24, 1897, subsequent to the ruling on the demurrer of said administrator be vacated. The claimant prayed an appeal, assigning as error the action of the court in overruling his demurrer to said petition. On June 19, said administrator filed his written motion for a new trial, said motion was pending at the time of the adjournment of the April term of said court, and the cause was continued until the September term, 1897, of said court, at which time the motion of said administrator for a new trial was sustained. And thereupon upon motion of appellant, the venue of said cause was changed to the Montgomery circuit court, and a transcript of the proceedings of said cause in said court, together with all the papers therein; was duly certified and transmitted to the clerk of the Montgomery circuit court.

We do not deem it necessary to set out the petition. From the transcript it appears that the filing of the claim, its transfer to the issue docket, and submission

for trial took place before the heirs of decedent could have had knowledge through the means provided by statute of the issuing of letters of administration by the Tippecanoe circuit court. Among other averments the petition alleges that the petitioners had no knowledge of the filing of the claim, nor of its. transfer to the issue docket, nor submission for trial, and that it was without consideration, and was not the note of decedent. The court of its own motion at the term at which the cause had been submitted for trial, directed that an entry of judgment erroneously made, and not yet signed by the judge, should be stricken out. The court clearly had the right to do this without any notice to the parties. To have failed in this would have been, under the circumstances a failure of duty. Courts have full control of the records of their proceedings throughout the entire term at which such proceedings were had. *Durre* v. *Brown*, 7 Ind. App. 132, and cases there cited. 1 Freeman on Judgments, sec. 90.

During the same term the administrator filed his motion for a new trial which motion was at the following term sustained. Subsequently upon appellant's motion the venue was changed to another county. The cause is still pending, and there has been no final judgment. There having been no judgment, the only effect of the ruling complained of by appellant was to admit the petitioners as parties to the proceedings. This did not prejudice the substantial rights of the claimant. "Orders admitting or refusing to admit parties cannot be regarded as final judgments authorizing an appeal." Elliott's App. Pro., sec. 81; *Lannon* v. *McKee*, 7 Mackey 446; *In re Ohm*, 82 Cal. 160. It is a universal rule that except as provided by statute, no appeal can be prosecuted from proceedings taken prior to a final judgment or

decree.    2 Enc. Plead. and Prac., p. 81.  ·The present case is not within the exception.    No question is presented by the appeal.    *Masten* v. *Indiana    Car & Foundry Co., ante,* 633.    Appeal dismissed.