[S. F. No. 2111.   Department Two.—April 4, 1900.]

In the Matter of the Estate of MARTHA WINSLOW, Deceased.   MARTHA CUNNINGHAM et al., Appellants, v. ROSE M. EATON, Administratrix, etc., et al., Respondents.

WILL—ORDER REFUSING TO REVOKE PROBATE—APPEAL—DISMISSAL.—An order refusing to revoke the probate of a will is not one of the "probate matters" with respect to which an appeal is provided for in section 963 of the Code of Civil Procedure, and an appeal therefrom must be dismissed.

ID.—APPEAL IN PROBATE MATTERS STATUTORY — ORDER MADE AFTER JUDGMENT.—Probate matters are appealable only when the statute gives an appeal therein; and it is immaterial, with respect to the right of appeal, whether, for certain purposes, a proceeding in probate is a civil case or a special proceeding, or whether, in certain aspects, an order in probate is a final judgment. An order refusing to revoke the probate of a will is not appealable as being "a special order made after final judgment."

MOTION to dismiss appeal from an order of the Superior Court of Contra Costa County denying a petition to revoke the probate of the will of a deceased person.   Joseph P. Jones, Judge.

The facts are stated in the opinion of the court.

R. W. Miller, for Appellants.

Carlton W. Greene, for Respondents.

McFARLAND, J.—This case is before us on a motion to dismiss the appeal.   The appeal is from a judgment or order of the superior court sitting in probate, entered on the fourth day of March, 1899, denying the petition of appellants that the probate of the will of the deceased be revoked.   The motion to dismiss is based on several grounds, and, among others, that the order attempted to be appealed from is not appealable because not one of the "probate matters" with respect to which an appeal is provided by the third subdivision of section 963 of the Code of Civil Procedure; and, as the appeal must be dismissed on this ground, there is no need of considering the other grounds.

The third subdivision of section 963 does not provide for an appeal from a judgment or order refusing to revoke the probate of a will; and it was expressly held in *Estate of Hathaway*, 111 Cal. 270, that there is no appeal from such order, the court there saying as follows: "Neither is that portion of the order striking out and dismissing the petition for the revocation of the probate the subject of an appeal. This court has appellate jurisdiction in such probate matters only as may be provided by law, and while section 963, subdivision 3, of the Code of Civil Procedure authorizes an appeal from an order revoking the probate of a will, it does not authorize an appeal from an order denying the revocation of the probate of a will, or from an order dismissing the petition therefor." (Citing cases.) Counsel for appellants say in the brief, generally, that section 963 has been amended since the decision in the Hathaway case by an amendment passed in 1897. (Stats. 1897, p. 209.) But there is no statement of any particular in which the section was amended, and upon examination of the amendment we find nothing in it affecting the question here involved. The same rule was declared in a number of other cases. (See *In re Ohm*, 82 Cal. 162; *In re Smith*, 98 Cal. 639; *In re Walkerly*, 94 Cal. 352; *In re Sbarboro*, 70 Cal. 147; *Estate of Montgomery*, 55 Cal. 210.) The cases cited by appellant of *In re Flint*, 100 Cal. 391, 400, *Carpenter v. Jones*, 121 Cal. 362, and *In re Estate of Joseph*, 118 Cal. 660, are not in point; they did not involve questions of appeal in probate matters. It does not matter whether, for certain purposes, a proceeding in probate is a civil case or a special proceeding, or whether, within certain views, an order in probate is a final judgment; for they are "probate matters," and are appealable only when the statute gives an appeal. (*In re Ohm, supra; In re Smith, supra.*) As was said in *Estate of Walkerly, supra:* "If it were otherwise, the third subdivision of said section could be entirely disregarded by simply assuming that a probate order not therein mentioned was a final judgment, and that an order refusing to vacate it was a 'special order made after final judgment.'" It is true that it was held in *Estate of Bauquier*, 88 Cal. 303, that where a motion for a new trial has been made in cases where the probate law itself provides for the proceeding of a new trial, an appeal will lie

from an order granting or refusing a new trial; but, as it was determined in the subsequent case of *Estate of Walkerly, supra,* the Bauquier case does not change the general rule, and is applicable only where there has been a motion for a new trial under the provisions of the probate law.

The appeal is dismissed.

Beatty, C. J., and Henshaw, J., concurred.