ESTATE OF MARY CROCKETT, DECEASED.

[No. 28,411; decided December 29, 1903.]

**Special Administrator—Who Entitled to Appointment.—When a** testatrix leaves all her property to her husband, whom she names executor, but he dies before the return day of the application for the probate of the will, the sister of the testatrix, who is the sole heir and who is contesting the probate, is entitled to special letters of administration as against the public administrator.

Application for special letters of administration.

Carlton W. Greene, for public administrator.

David I. Mahoney, for Catherine A. Wake, sister of decedent.

COFFEY, J.   Mary Crockett died in the city and county of San Francisco, leaving her surviving, as her only heirs, her husband, Charles Crockett, and her sister, Catherine A. Wake.   After her death Benjamin Healey filed with the clerk of this court a document purporting to be the last will of deceased.  · To the probate of this document a sister, Catherine A. Wake, filed opposition and also filed her petition praying to be appointed special administratrix of the estate.   The public administrator also filed an application for special letters.

In the document purporting to be the last will of the deceased, all decedent's property is left to the husband, Charles Crockett, and he is named executor.   There is also a statement that decedent purposely omits to make provision for her sister, Catherine A. Wake, as she is sufficiently provided for.   Charles Crockett, the husband, died before the return day of the application for probate of will.

Catherine A. Wake claims the right to special letters of administration as sister and only living heir.

The public administrator bases his claim upon his independent statutory right, claiming that the purported will cutting off the sister deprives her of the right to succeed to the personal estate of deceased, and consequently destroyed her right to administer.

The only question arising upon these facts is, Does the filing of the instrument, purporting to be a will, deprive the sister of testatrix of a right conferred upon her by the statute. The public administrator concedes that in the absence of the will the sister of decedent would be entitled to letters special and general; but insists, inasmuch as the law provides two methods for determining succession to the property of a deceased person, both methods are of equal dignity and, as a source of title, neither is higher than the other, so, if any preference is to be shown judicially, it should seem that the wishes of the testatrix, the person who accumulated the estate, should be regarded.

The public administrator denies, however, that the sister had any statutory right, although prior to the death of testatrix she had a possibility of acquiring such right, but its acquirement rested upon the death of decedent without making a will. The leaving of a will, in which decedent disinherited her sister, disposed of the possibility, so that the sister, through the testamentary act of the decedent, never acquired a right of succession to the personal or any estate of the testatrix, and consequently no right, statutory or other, was ever vested in her to administer upon that estate.

The statute establishing the order of persons entitled to administer provides that administration of an estate of a person dying intestate must be granted to some one or more of the persons therein specified, the relatives of the deceased being entitled to administer only when they are entitled to his personal estate or some portion thereof; and they are respectively entitled thereto in this order: "1. The surviving husband or wife, or some competent person whom he or she may request to have appointed. . . . . 5. The sister. . . . . 8. The public administrator": Code Civ. Proc., sec. 1365.

Section 1411 provides for the appointment of a special administrator when there is a delay in granting general letters.

Section 1413 provides that in making the appointment of a special administrator, the court or judge must give preference to the person entitled to letters, testamentary or of administration.

The document here propounded as a will is in contest; the contestant is the sister of the decedent, and if she suc-

ceeds in establishing her grounds of contest, her right will, by reason of the destruction of the document, relate back to the death of decedent, and she will be entitled to full letters of administration, she being the sister and sole heir at law.

Pending this contest it is claimed by the public administrator that the court should assume the validity of the propounded paper in all its parts and deny the asserted right of the sister to special letters, because, taking the instrument to be valid, she is ousted of her inheritance; and he argues that as for some purposes the legislature has provided that a document filed as a last will shall be considered to be prima facie evidence of what it purports to be; as, for instance, by section 1373, Civil Code, it is provided that the executor named shall have the power before letters issued to him to pay funeral charges and take necessary measures for the preservation of the estate, and in section 1413, Code of Civil Procedure, it is made incumbent upon the court in appointing a special administrator to give preference to a person entitled to letters testamentary; so in this case, in the absence of an executor named, the control of the estate should be placed in the hands of one or more of the persons to whom the deceased intended it should go, and, in default of such, letters should be granted to an officer elected by the people for that purpose.

In the case of an executor named in the will offered for probate, or otherwise competent, the court would have no discretion to deny the application; but the executor here named is dead; he was the husband and sole devisee of decedent, who left no children; the sister is, consequently, the only next of kin, and, were it not for the will, would unquestionably be entitled to letters of administration, as succeeding to the personal estate under section 1365 of the Code of Civil Procedure, and, therefore, to special letters under section 1413.

Does the profert of this paper suspend or destroy her title to letters? Until the paper propounded be established as a will by a judgment of the court she has a claim to be considered as a statutory succedent; she has a title to assert and maintain of which she may not be deprived primarily by the act of another, to which she is not a party, until that

act shall be validated by a judgment; non constat it will ever be so determined ultimately in this case, for it is yet to be tried and adjudicated. This is not the time at which nor the manner in which to settle the question of succession. And it would be tantamount to an attempt in that direction if the sister's application for special letters were denied. I think the sense of the authorities sustains this view, which I am satisfied is right in principle.

The principle is correctly and concisely stated by Judge Myrick in the Estate of Haskell, Myr. Rep. 204. The accuracy of that statement as matter of law is conceded by the public administrator; but he says that when a person on application for letters deliberately puts in issue his right for distribution and seeks an adjudication upon that point as a fact essential to the establishment of his right to administer, he is upon distribution held to be estopped from attacking the finding of the court made upon the decree determining his right to letters of administration; and in such a case, the finding as to heirship is a material and necessary element and issue; but that is not this case, and the answer to the proposition is supplied by the text of Myrick on page 205 of his reports. The entire opinion in that case may be read into this and applied with advantage.

"The object of the petition for and the grant of letters was to have an adjudication that the deceased had died, and that she left estate subject to administration in this court. The existence and allegations of these facts, the requisite notice being given, gave the court jurisdiction. The question as to who should be the administrator is quite another matter. The administrator is but an officer of the court. The object of alleging that the petitioner was the husband, was for the purpose of showing that he had a right to administer over all others. The court could have granted letters to him, even if the petition had not alleged the relationship. The question of relationship and the consequent right to succeed to a portion or the whole of the estate was not then in issue, and would not arise for purposes of succession until distribution be asked for. By the notice which was given on application for letters, the attention was not challenged as to who should succeed or had succeeded to the estate; it was challenged only

to the matter of having administration. Suppose a creditor should apply for and obtain letters, would the grant be conclusive as to his debt, and he be under no necessity of having it allowed before payment? By no means.''

The right to succeed to the estate of a decedent is derived from the statute of succession: Civ. Code, sec. 1386.

In this section are enumerated the persons and classes entitled to succeed to the estate of a decedent, and whether they ever do so or not finally, they are entitled to succeed, and as we look to this section, as a source of their title, the provision of the Code of Civil Procedure must be construed in its light.

In this case there is living neither husband, children, father, mother, or brother; the sister only survives as the sole heir at law. In the case of Butler v. Perrott, In the Matter of the Estate of John Butler, Deceased, 1 Demarest, 9, Surrogate Rollins declared that a present right to participate in the distribution of an estate was not an essential qualification for an administrator claiming as a relative of the decedent. The right of any person of the decedent's blood is superior to that of the public administrator.

This doctrine was laid down in Lathrop v. Smith, 35 Barb. 64, and afterward reaffirmed by the court of appeals of New York, 24 N. Y. 420, and has never since been questioned in that state; and it is in line with the case of Anderson v. Potter, 5 Cal. 64, decided at the January term, 1855, in which Mr. Justice Heydenfeldt, speaking for the court, decided that under the statute regulating estates of deceased persons, the seventh classification of persons entitled to administer, comprising ''any other of the next of kin who would be entitled to share in the distribution of the estate,'' must be construed to mean the next of kin capable of inheriting, or who would be entitled to distribution if there were no nearer kindred. But the public administrator denies the authority of these cases, because the New York statute as well as the statute as it stood in California at the time of Anderson v. Potter differ from the law as it now reads, which was construed in the Matter of Eggers, 114 Cal. 465, 46 Pac. 380, wherein it was said that the decision in 5 Cal. 63 was based upon the statute,

the language of which has been materially changed by the code and is, therefore, not in point.

. In the Eggers case, Estate of Davis, 106 Cal. 453, 39 Pac. 656, was cited, and the public administrator claims that these two cases are determinative of the issue of the case at bar. In the first of these two cases it was proved at the hearing that one applicant was a second cousin of the deceased, who had no other relatives in this country, but had a father and brother living in Germany. Clearly, as the supreme court said, in such circumstances the second cousin was not entitled to succeed to the personal estate of the deceased or to any portion thereof, and was, therefore, not entitled as against the public administrator to letters; but that is not this case, nor at all analogous to it; nor is the case at bar affected by the verbal changes in the statute which, however applicable in the matter of Eggers do not affect this application, which stands squarely upon the statute of succession, of the benefit of which she cannot be deprived until distribution; for she remains an heir until then, no matter what the will may provide. In Estate of Davis there was a contract between husband and wife, and the latter was held to have waived thereby the right of administration. There is no analogy here; Catherine Wake never waived her rights; on the contrary she has been constantly and sturdily asserting it; she is the sister, and there is no one nearer in blood to the decedent; and she is claiming nothing in this proceeding save the right to special letters, to which she is entitled, notwithstanding the document propounded as a will.

The application of the public administrator is denied and that of the sister granted; the bond to be fixed in the order of appointment to be drawn and presented by counsel.

---

In Appointing a Special Administrator the court must give preference to the person entitled to letters testamentary or of administration, but no appeal lies from the order of appointment: Cal. Code Civ. Proc., 1413; Estate of Carpenter, 73 Cal. 202, 14 Pac. 677; Estate of Ohm, 82 Cal. 160, 22 Pac. 927. In postponing the consideration of an application for letters of administration until the validity of an alleged will of the decedent can be determined, the court may appoint a special administrator: Estate of Edwards, 154 Cal. 91, 97 Pac. 23.

The appointment of a stranger as special administrator in preference to an heir and devisee, if error, is not in excess of jurisdiction, and hence cannot be annulled on certiorari: Dahlgren v. Superior Court, 8 Cal. App. 622, 97 Pac. 683.