(May 16, 1907.)

## WM. O. CREER et al., Respondents, v. BANCROFT LAND AND IRRIGATION COMPANY, Appellant.

[90 Pac. 228.]

COMPLAINT—MISJOINDER OF PARTIES PLAINTIFF—DEMURRER—MISJOIN-
DER OF CAUSES OF ACTION—MULTIPLICITY OF SUITS.

1. Where an action is brought by fourteen plaintiffs to compel a water company to deliver them a sufficient amount of water to properly irrigate their lands, each owning and holding his land separately and each having a separate written contract with the water company, whereby said company agreed to furnish each all the water that was necessary to irrigate his land, and the complaint is demurred to on the ground of a misjoinder of parties plaintiff and causes of action, the court erred in not sustaining such demurrer.

2. The principal question involved in this case is the quantity of water which the appellant is required to deliver to each of the plaintiffs under its written contract with them, and does not involve the construction of the contract.

3. This is a different action from an ordinary water suit to determine the rights of several appropriators from the same stream, as in the latter case each appropriator would have to bring an action against each of the other appropriators in order to fully settle and determine his right; and for that reason may bring his action against all appropriators from the same stream; while in the case at bar, the rights of each of the respondents could be settled in one suit by an action brought by him against the appellant.

4. In this case, the main question is, How much water is necessary to properly irrigate the land of each of the defendants? while in the ordinary water suit numerous questions must be determined, the date of appropriation, the amount of the appropriation, the amount of the water necessary to irrigate the lands, and other questions.

5. *Held,* that the demurrer to the complaint should have been sustained on the ground of misjoinder of parties plaintiff and causes of action.

(Syllabus by the court.)

APPEAL from the District Court of Fifth Judicial District for Bannock County.   Hon. Alfred Budge, Judge.

Action to compel the defendant to deliver to the appellants certain amounts of water.   Demurrer to complaint on the ground of misjoinder of parties plaintiff and causes of action. Demurrer overruled and judgment entered for the plaintiffs. *Reversed.*

Standrod & Terrell and L. R. Rogers, for Appellant.

The court should have sustained the demurrer on the grounds of misjoinder of parties plaintiff and misjoinder of causes of action.

Each of the parties plaintiff bases his action upon a contract executed to him alone.   No one plaintiff has any interest whatever in the contract of any other plaintiff or number of plaintiffs.

It is a well-settled rule that two or more persons having distinct causes of action, although against the same defendant, may not join as plaintiffs in one suit.   (15 Ency. of Pl. & Pr. 733; *Martin v. Davis,* 82 Ind. 38; *Tate v. Ohio R. Co.,* 10 Ind. 174, 71 Am. Dec. 309; *Goodnight v. Gore,* 30 Ind. 418; *McIntoch v. Zaring* (Ind.), 38 N. E. 321; *Bort v. Yaw,* 46 Iowa, 323; *Palmer v. Waddell,* 22 Kan. 352; *Pelly v. Bowyer,* 7 Bush (Ky.), 513.)

D. Worth Clark, for Respondents.

This action is, in substance and form, similar to what are commonly known as water suits, and is in the nature of an

action to quiet title.  One using water from a canal is substantially an appropriator of water from the natural channel; and in many respects his rights are identical with those of parties to ordinary water suits.  (*Hard v. Canal Co.*, 9 Idaho, 589, 76 Pac. 337, 65 L. R. A. 407.)

The subject matter of this action is the water flowing in the Cache Valley Canal.  In this subject matter the plaintiffs are jointly interested.  Their interests are not capable of division or separation.  But by virtue of the fact that they are severally the owners of the water deeds in said canal, each has an interest therein amounting to a freehold estate.  (*Wyatt v. Irrigation Co.*, 18 Colo. 298, 36 Am. St. Rep. 280, 33 Pac. 144; *Clifford v. Larrien*, 2 Ariz. 202, 11 Pac. 397; *Grand Val. Irr. Co. v. Lesher*, 28 Colo. 273, 65 Pac. 44; Idaho Rev. Stats., secs. 1042, 4101, 4105, 4107; *Frost v. Alturas Water Co.*, 11 Idaho, 294, 81 Pac. 996; *Churchill v. Lauer*, 84 Cal. 233, 24 Pac. 107; *Ronnow v. Delmue*, 23 Nev. 29, 41 Pac. 1074; *Foreman v. Boyle*, 88 Cal. 290, 26 Pac. 94; *Blaisdell v. Stephens*, 14 Nev. 17, 33 Am. Rep. 523; *Miller v. Highland Ditch Co.*, 87 Cal. 430, 22 Am. St. Rep. 254, 25 Pac. 550; Bliss on Code Pleading, sec. 76; Kinney on Irrigation, sec. 327; *Kennedy v. Scovil*, 12 Conn. 317; *May v. Parker*, 12 Pick. (Mass.) 34, 22 Am. Dec. 393.)

It is the policy of the code to avoid a multiplicity of suits about the same subject matter.  (*Brady v. Linehan*, 5 Idaho, 732, 51 Pac. 761; Pomeroy's Equity Jurisprudence, sec. 269; *Albert Lea v. Neilsen*, 83 Minn. 246, 86 N. W. 83; *Smith v. Bank of New England*, 69 N. H. 254, 45 Atl. 1082; *Fegelson v. Niagara Fire Ins. Co.*, 93 Minn. 486, 103 N. W. 495; *Stockwell v. Fitzgerald*, 70 Vt. 468, 41 Atl. 504; *Dumars v. City of Denver*, 16 Colo. App. 375, 65 Pac. 580; *Virginia-Carolina Chemical Co. v. Home Ins. Co.*, 113 Fed. 1, 51 C. C. A. 21.)

It was important that all of the plaintiffs be made parties to the suit, and if not parties plaintiff, parties defendant, for the adjudication of any one of the claims in a sense and to a degree affects the rights of all others.

SULLIVAN, J.—This action was brought by fourteen plaintiffs against the defendants, asking the court to compel

the defendants to furnish each of the said plaintiffs certain amounts of water for the plaintiffs' respective lands, under the terms of certain water deeds or contracts executed to them, respectively, by the Cache Valley Canal Company and the Cache Valley Land and Canal Company, who are the predecessors in interest of the said defendants in the Cache Valley Canal, that being the canal through which the waters in question have been conveyed. Defendant Burdick defaulted, and the defendant, the Consolidated Canal Company and the Bancroft Land and Irrigation Company, which latter company is the appellant here, filed their demurrer to the complaint on the ground, among others, that there was a misjoinder of parties plaintiff and that several causes of action had been improperly united, specifying the particulars of said ground.

Said demurrer was overruled by the court. The Consolidated Canal Company thereafter filed its answer, disclaiming any interest in the subject matter of the suit. The appellant, the Bancroft Land and Irrigation Company, filed its answer, admitting its interest in and control of the canal system in question, specially denying that certain of the respondents had any water rights whatever for their lands, and denying that appellant had ever failed to furnish water to the other respondents in the amount to which they were entitled, and denying that one cubic foot of water per second of time was or is necessary to irrigate each fifty acres of the respondents' lands; and alleging that fifty inches of water was sufficient to irrigate eighty acres thereof; and alleging that certain sums were due from said respondents who are plaintiffs in the action, to whom water had been furnished by appellant, for the rental price thereof.

Upon the issues thus made the cause was tried by the court without a jury. Findings of fact and conclusions of law were filed and judgment entered adjudging that the said respondents were the owners of the water rights in the canal system of appellant, pursuant to the provisions of the water deeds held by said respondents, and that one cubic foot of water per second of time, flowing continuously day and night, during the irrigation season, was and is necessary for the ir-

rigation of each fifty acres of said land, and requiring appellant to furnish said amount to said respondents during the irrigation season of each year, commencing on the first day of April and ending on the first day of October, and at all other times to furnish water to said respondents for domestic purposes. The judgment also awarded to appellant certain amounts for rents due for water from certain of the respondents, about which there is no controversy in this appeal.

The first error assigned is the overruling of the demurrer to the complaint. It is contended by counsel for the appellant that the demurrer ought to have been sustained on the ground of misjoinder of parties plaintiff and misjoinder of causes of action. The action was brought by fourteen persons owning distinct and separate tracts of land, upon fourteen distinct and separate contracts, which the predecessors of the appellant had made with the plaintiffs. The contract entered into by the several parties is entitled a "Water Deed," which water deeds are all uniform in their provisions, printed blanks having been used, and the rights and obligations of the plaintiffs and defendants in each case under the terms and provisions of said water deeds are substantially the same, with the exception that the water agreed to be furnished under the terms and provisions of said deeds was to be used upon different tracts of land, and it is stipulated that the ditch company sells and conveys to each of the parties, naming them in their respective deeds, "the right to use water flowing through the canal of said company on the tract of ———— acres hereinbefore mentioned, the quantity of water represented by said right being all that is necessary to irrigate said land, said right being subject to the terms and conditions hereinbefore expressed."

The main contention in this case is the quantity of water per acre that each of the plaintiffs is entitled to for the irrigation of their lands under that provision of the contract, to wit: "All that is necessary to irrigate said land."

Here, then, we have fourteen plaintiffs under fourteen separate and distinct written contracts wherein the agreement or stipulation with each is that the appellant will furnish each of them "all (water) that is necessary to irrigate

said land.'' There does not appear to be any community of interest between the respective plaintiffs. Each has a different tract of land, and while it is true that the court found from the evidence that each of the plaintiffs was entitled to an inch of water perpetual flow for each acre of said lands, the main question to be determined in the case was the amount or quantity of water required per acre for the irrigation of each of the plaintiff's lands.

This action is brought for the specific performance of said written contracts. Each of the plaintiffs bases his action upon the contract executed to him alone. Neither of the plaintiffs has any interest whatever in the contract of either of the other plaintiffs. It is a well-settled rule that two or more persons having distinct causes of action, although against the same defendant, may not join as plaintiffs. (15 Ency. of Pl. & Pr. 733; *Martin v. Davis,* 82 Ind. 38; *Tate v. Ohio R. Co.,* 10 Ind. 174, 71 Am. Dec. 309; *Goodnight v. Gore,* 30 Ind. 418; *McIntosh v. Zaring* (Ind.), 38 N. E. 231; *Bort v. Yaw,* 46 Iowa, 323; *Palmer v. Waddell,* 22 Kan. 352; *Pelly v. Bowyer,* 7 Bush (Ky.), 513.)

It is contended by counsel for respondents that this action is in substance and form similar to what is commonly known and designated as "water suits," and is in the nature of an action to quiet title, and that the subject matter of this action is the water flowing in said canal. We cannot agree with that contention. As we view it, this action was brought to determine the amount of water that the appellant must deliver to each of the plaintiffs for the proper and necessary irrigation of his land under his contract. The question of a water right, the date of its location and the amount of the appropriation and other questions that naturally arise in what is known as a water suit to settle the rights of a number of appropriators located on the same stream are not involved in this case. This is a dispute between the canal owner and those to whom it has agreed to deliver water for the irrigation of their lands, as to the quantity or amount of water required for the proper irrigation of such lands. It does not involve carrying water through the ditch; it only involves the quantity to be delivered to each of the plaintiffs.

It is contended by counsel for the respondents that the principles of equity dominate our civil procedure, and are against a multiplicity of suits, and our attention is called to 1 Pomeroy's Equity Jurisprudence, section 269, where the learned authority says:

"Under the greatest diversity of circumstances and the greatest variety of claims arising from unauthorized public acts, private tortious acts, invasion of property rights, violation of contract obligations, and notwithstanding the positive denials by some American courts, the weight of authority is simply overwhelming that the jurisdiction may and should be exercised either on behalf of a numerous body of separate claimants against a single party, or on behalf of a single party against such a numerous body, although there is no 'common title' nor 'community of right' or of 'interest in the subject matter,' among these individuals, but where there is and because there is merely a community of interest among them in the question of law and fact involved in the general controversy, or in the kind and form of relief demanded and obtained by or against each individual member of the numerous body."

And in subdivision 3 of section 245 of the same work, the author, in discussing the possible conditions in which that doctrine may apply, says:

"Where a number of persons have separate and individual claims and rights of action against the same party, A, but all arise from some common cause, are governed by the same legal rule, and involve similar facts, and the whole matter might be settled in a single suit brought by all these persons uniting as coplaintiffs, or one of the persons suing on behalf of the others, or even by one person suing for himself alone. The case of several owners of distinct parcels of land upon which the same illegal assessment or tax has been laid is an example of this class."

It seems to us that this is a very different case from one involving the illegal assessment of taxes, for the question involved in a case of that kind is whether the tax is legal or not, and naturally affects all people upon whom such assessment has been levied. In the suit at bar, the main question is the

amount of water necessary to properly irrigate the lands of each of the defendants, each holding his land separately and each having a separate written contract for water.

A number of other authorities are cited by counsel in support of their contention to the effect that such suits may be brought by numerous plaintiffs in order to prevent a multiplicity of suits. We recognize the rule as laid down by those authorities, and Mr. Pomeroy, in said section 245 above cited, reduces the possible conditions in which a multiplicity of suits can arise into four classes and states in section 249 as follows: "The very object of preventing a multiplicity of suits assumes that there are relations between the parties, out of which other litigations of some form might arise." This means, of course, out of the same subject matter. In the case at bar, either of the plaintiffs would only have to bring one action against the appellant to have the question of the quantity of water required to properly irrigate his land determined. He would have no occasion for another suit against the defendant, so far as the record shows, for a complete settlement of that question.

Counsel in their brief ask this question: "Of what advantage could it have been to the defendant in this case to have had fourteen distinct suits brought against it to settle the questions adjudicated in this case?" It is not a question of advantage to the defendant; it is a question of misjoinder of parties plaintiff, for if it depended on a question of advantage to the defendant, these fourteen plaintiffs, if they held fourteen promissory notes against the defendant, might all join in a suit because it would be of advantage to the defendant to have them all settled in one suit instead of fourteen separate suits. The rule for the prevention of a multiplicity of suits does not rest on the advantage to the defendant.

It is further contended that it was important that a uniform construction be placed upon the water deeds or contracts. The question of construction of said water deeds is not involved in this case. The main question is as to the quantity of water necessary to properly irrigate each of the plaintiffs' lands. As a matter of fact, the court came to the

conclusion that it required an inch of water to the acre, but suppose the facts had warranted the judge in coming to a conclusion that each of the owners was entitled to a different amount of water per acre for his land, which might have been done had the facts warranted it, and a judgment to that effect been entered.    We do not think it will be seriously contended that the question of uniformity of construction of the several water deeds is involved in this case.    That clause in the deed which provides in case of an insufficiency of water that the holders of the water rights shall receive their pro rata share, is easily carried out after the amount each shall receive has been definitely determined.

It appears to us that this is a very different suit from an ordinary water suit.    In a water suit, an appropriator from a certain stream would have to bring an action against each and every other appropriator from the same stream before he could have his rights finally adjudicated as to all of such appropriators.    His bringing a suit against one appropriator would not settle his rights; it would leave him with other litigation to settle them, and for that reason he is permitted to join as plaintiff or defendant every other appropriator of water from the stream.    This is a very different suit— there is no issue raised as to the priority of the rights of these plaintiffs.    As before stated, the only question presented by each of the plaintiffs is: How much water is necessary to properly irrigate his land?    After that has been determined, if a deficiency or shortage of water should occur, then the appellant would be required to distribute to each party his *pro rata* share of the water based on the amount it took to properly irrigate his land as determined by the court.

The court, in its findings of fact, found that several of the plaintiffs were indebted to the appellant for the rental of water, and entered judgment against each of such plaintiffs for the amount found to be due.    It also appears from the findings of fact that the question was mooted, at least, as to the amount of damages that each of the plaintiffs had sustained by reason of the failure of the appellant to fur-

nish them the required amount of water, but the court in its sixteenth finding of fact excludes from its consideration the damages, if any, sustained by each of said plaintiffs, by reason of the failure of the defendant to deliver them the water to which they were entitled. The record shows that many, if not all, of the respondents claimed to have suffered damages by reason of the appellant's failure to furnish them with the required amount of water. It also appears that a part, at least, of the plaintiffs were owing the appellant as rental for water, and we do not think it will be contended that in this kind of a suit the question of damages can be litigated. But if each of the plaintiffs had brought a separate suit for the purpose of requiring the appellant to furnish him water sufficient to properly irrigate his land, he could have joined in that suit his claim for damages; while as the matter stands now, each of the plaintiffs who has a claim for damages against the appellant, will be required to bring a separate suit. This would indicate that this action would not prevent a multiplicity of suits.

There is no community of interest whatever between the plaintiffs and we know of no rule that would permit the plaintiffs to join in this action, no more than in an action on promissory notes held by each of fourteen plaintiffs against one defendant. The demurrer, therefore, should have been sustained and the cause must be remanded, with directions to the trial court to sustain said demurrer.

The costs of this appeal are awarded to the appellant.

Ailshie, C. J., concurs.