(February 12, 1916.)

WEISER IRRIGATION DISTRICT, a Municipal Corporation of Washington County and State of Idaho, Respondent, v. MIDDLE VALLEY IRRIGATING DITCH COMPANY, a Corporation, and GEORGE F. SMITH, JOHN L. SMITH, DAVID P. MUIR, ROBERT T. MUIR, WILLIAM H. MUIR and SUNNYSIDE DITCH COMPANY, a Corporation, Appellants.

[155 Pac. 484.]

FINAL JUDGMENTS—APPEALABLE ORDERS—STATUTORY PROVISIONS FOR.

1. Where a complete determination of the rights of all water users on a stream cannot be had without their presence, it is the imperative duty of the trial court, under sec. 4113, Rev. Codes, to make the necessary order to bring them in, that their rights may be adjudicated. It is left largely to the trial court to determine in the first instance whether such an order should be made.

2. *Held,* that an appeal will not lie directly from the district court to the supreme court from an order of the former court refusing to bring in additional parties, for the reason that the same is not a final judgment within the meaning of subdivision 1 of sec. 4807, Rev. Codes, as amended, Sess. Laws 1915, p. 193, neither is it one of the orders designated in subdivision 2 of that section. Such an order can be reviewed on appeal only after final judgment.

[As to who are injured or interested parties so as to be entitled to appeal, see note in 119 Am. St. 741.]

3. The right to an appeal at law is purely statutory, and the legislature may, under sec. 13, art. 5, of the state constitution, prescribe in what cases, under what circumstances and from what courts appeals may be taken, and the manner of taking them.

*Held,* that, in the absence of a statutory provision so authorizing, an order denying a motion to bring in additional water users on a stream as parties to an action is not appealable before final judgment.

4. The settled construction of sec. 9, art. 5, of the constitution, providing that "The supreme court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof, . . . . " is that the phrase "any decision" does not mean all decisions made by the courts or judges thereof during the progress of a trial, but only such as are final, or such as are specifically provided for by statute from which a direct appeal may be taken prior to final judgment.

5. All orders or decisions of the district court or judges thereof that are not final judgments or orders or decisions specifically provided for by statute from which a direct appeal may be taken prior to final judgment, if duly excepted to or deemed to be excepted to as provided by law, will be reviewed by the supreme court on appeal from a final judgment, or from an order granting or denying a new trial.

APPEAL from the District Court of the Seventh Judicial District for Washington County.    Hon. Ed. L. Bryan, Judge.

Appeal from an order denying a motion to bring in additional parties.    Motion to dismiss appeal upon the ground that the order made was not appealable.    Sustained.    Appeal dismissed.

Hawley & Hawley, B. S. Varian, and Frank D. Ryan, for Appellants, file no brief or motion to dismiss.

Lot L. Feltham, for Respondent.

"The right to appeal is statutory, unknown to the common law, and it cannot be extended by courts to cases not within the statute." (*General Custer Min. Co. v. Van Camp,* 2 Ida. 40, 3 Pac. 22.)

"Const., art. 5, sec. 9, giving the supreme court jurisdiction to review on appeal any decision of the district courts, or the judges thereof, does not authorize a direct appeal from every decision of the district courts or judges thereof." (*Maple v.*

*Williams,* 15 Ida. 642, 98 Pac. 848; *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 390, 691.)

"The right of appeal is based entirely on statute, and the supreme court is prohibited from taking jurisdiction unless the appellant has a statutory right." (*State v. State Bank & Trust Co.,* 36 Nev. 526, 137 Pac. 400; *State v. Simpson,* 69 Or. 93, 137 Pac. 750, 138 Pac. 467; *Livesley v. Landon,* 69 Or. 275, 138 Pac. 853.)

BUDGE, J.—Respondent commenced a suit in the district court in and for Washington county, against each of the appellants here, for the purpose of having certain rights in and to the use of waters of Weiser river adjudicated between respondent and appellants. By agreement of counsel for all parties, these actions were consolidated for all purposes.

Prior to the order of consolidation, a motion had been made by the Middle Valley Irrigating Ditch Company in which it was sought to make certain other water users defendants. It is alleged in the cross-complaint of the appellants and also in the affidavit which was filed in support of the motion, that said water users should be brought in and made parties defendant, for the reason that each used and claimed a right to the use of the waters of Weiser river and its tributaries, which use and claim were adverse to both parties to this action. And it was further alleged that a complete determination of the rights of the plaintiff and defendants could not be made or had without each of said other water users being made a party to the action. This motion was argued to the court, submitted and denied. Thereafter the court entered an order to that effect which appears in the record. This is an appeal from that order.

A motion to dismiss the appeal has been interposed by respondent based on the ground that the order made by the trial court refusing to bring in additional defendants is not an appealable order, or subject to review before final judgment. Thus, the only question for our determination in this appeal is whether or not an order of the district court refusing to bring in additional parties, upon a showing made in

support of a motion therefor, is a final order or decision from which an appeal will lie before final judgment has been entered in this case.

Counsel for appellants contend that the order of the trial court denying appellant's motion to bring in additional parties is a final judgment under sec. 4807, Rev. Codes, as amended by Session Laws of 1915, page 193, and may be appealed from directly to the supreme court as a matter of right and without waiting for the trial of the case to be concluded. It is their claim that in any event the refusal of the trial court to make this order would, on appeal, result in a reversal of the final judgment, and that being true, the expense incurred in the trial of the cause, and the time consumed thereby, would go for naught. In support of their contention a number of authorities are cited to the effect that the phrase "final judgment" as used in the statutes authorizes an appeal from a final order which disposes of the special matter involved, although not a final disposition of the action, or which disposes of a branch of the cause separate and distinct from the other parts of it, reserving no further question or direction for future determination by the court.

We think that one of the tests which must be applied to every ruling of a trial court to determine whether it may be made the subject of an appeal is whether it is inherent in the final judgment and may be presented on appeal from that judgment, or has been by statute specifically designated as one that may be appealed to the supreme court directly before final judgment. If the former, it must then be treated as an interlocutory order, subject to review only on the general appeal. Or it might be said that if the order is of such a nature as to prejudice the rights of the parties to such an extent that they will not be protected by appeal from the final judgment, then an appeal will lie directly from that order. In the case at bar, the rights of appellants and respondent may be fully determined in this action, and the order of the trial court denying appellants' motion could in no way affect their respective rights to the use of waters of the Weiser river.

While the contention made by counsel for appellants, when applied to a certain class of cases, is meritorious, yet such a rule of practice could well be subject to abuse, and result in numerous appeals being taken prior to and at various stages of the trial, as often as other users of the waters of a public stream were discovered. The users of water along the public streams of this state increase so rapidly that in many instances an appeal from an order of the trial court refusing to bring in additional parties on a stream to determine their priority of right to the use of water would result in delay in the trial of causes, and incur large and unnecessary expense. In some cases, of course, the determination of the rights of all the water users on a stream in one action would result in a saving of time and expense. And it has been left largely to the trial court to determine in the first instance whether an order to bring in additional parties should be made. But where a complete determination of the rights of all water users on a stream cannot be had without the presence of all such parties, it then becomes the imperative duty of the trial court, under sec. 4113, Rev. Codes, to make the necessary order to bring in all such water users, that their rights may be adjudicated. (*Frost v. Idaho Irr. Co.,* 19 Ida. 372, 114 Pac. 38; *Creer v. Bancroft Land etc. Co.,* 13 Ida. 407, 90 Pac. 228.)

We believe it will at once be admitted that the right to appeal at law is and always has been purely statutory, and that the legislature may prescribe in what cases, under what circumstances and from what courts appeals may be taken. In the case of *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 758, 102 Pac. 390, 691, it was held by this court that "The legislature, . . . . has the power and authority to say what orders and decisions are directly appealable and provide the method and manner of prosecuting appeals. Sec. 13, art. 5, of the constitution, says: 'The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by

law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the supreme court, so far as the same may be done without conflict with this constitution.' "

It therefore becomes necessary to advert to the statutes of this state  to determine whether an order made by a trial court refusing to bring in and make parties additional water users on a stream is one that can be directly appealed from to the supreme court.  If there is no statutory provision for an appeal from such an order before final judgment, none can be taken, but the contested point is subject to be reviewed under the system provided by the legislature.

Sec. 9, art. 5, of the constitution of this state provides: "The supreme court shall have jurisdiction to review, upon appeal, any  decision of  the district courts, or the  judges thereof. . . . . "  Under the settled construction of this constitutional provision the phrase "any decision" does not mean all decisions made by said courts or the judges thereof during the progress of a trial, but only such as are final or such as are specifically provided for by statute from which a direct appeal may be taken prior to final judgment.  (*Maple v. Williams,* 15 Ida. 642, 98 Pac. 848; *General Custer Min. Co. v. Van Camp,* 2 Ida. 40, 3 Pac. 22.)  All other orders and decisions made by the trial court to which the party has duly excepted and preserved his objection and exception in the manner provided by law, or to which an exception is, by statute, deemed to be taken, may be reviewed on appeal from a final judgment, or from an order granting or denying a new trial.

Sec. 3817, Rev. Codes, provides, among other things, that the appellate jurisdiction of the supreme court extends to a review of all cases removed to it under such regulations as are or may be prescribed by law from the final decisions of the district court or the judges thereof.

Sec. 4800, Rev. Codes, provides: "A judgment or order, in a civil action, except when expressly made final, may be reviewed as prescribed in this code, and not otherwise."

Sec. 4807, Rev. Codes, as amended by the Session Laws of 1915, at page 193, provides:

"An appeal may be taken to the supreme court from a district court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered; from a judgment rendered on an appeal from an inferior court; from a judgment rendered on an appeal from an order; decision or action of a board of county commissioners; within ninety (90) days after the entry of such judgment.

"2. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant to [or] dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property; within sixty (60) days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk. . . . . "

In considering the ruling of the court on the motion made in this case, it is apparent that that portion of subdivision one of the above section which provides for an appeal "from a judgment rendered on an appeal from an inferior court," and "from a judgment rendered on an appeal from an order, decision or action of a board of county commissioners" could have no possible application. And it only requires a reading of subdivision 2 of that section to reach the conclusion that neither in express terms nor by implication does it provide for an appeal from an order such as made by the trial court in this case. In the case of *Mahoney v. Elliott,* 8 Ida. 356, 69 Pac. 108, this court said that paragraph 3 of sec. 4807, Rev. Stats. (which is identical with subdivision 2 of sec. 4807, Rev. Codes, as amended, *supra*), enumerates the orders from which an appeal may be taken, and all other orders can be reviewed only on an appeal from a final judgment. We are therefore confined, in our consideration of this question,

to the first clause of subdivision 1 of the above-quoted section.

It must be remembered that no final judgment has been entered in this case. Whether an order refusing to bring in additional parties will be prejudicial to the appellants will depend upon the character of the ultimate judgment when entered. Appellants may then be prejudiced in none of their substantial rights by reason of the court's refusal to grant their motion.

In the case of *Ray v. Moore,* 19 Ind. App. 690, 49 N. E. 1083, the court said: "It is a universal rule that, except as provided by statute, no appeal can be prosecuted from proceedings taken prior to a final judgment or decree. (2 Ency. Pl. & Pr. 81.)" And quoted: "'Orders admitting or refusing to admit parties cannot be regarded as final judgments authorizing an appeal.' (Elliott, App. Proc., sec. 81; *Lamon v. McKee,* 7 Mackey [18 App. (D. C.)], 446, 447; *Estate of Ohm,* 82 Cal. 160, 22 Pac. 927.)"

An order to be a final judgment from which an appeal will lie must disclose two essential elements: First, it must be of such a character as to determine the action between the parties; and second, it must so operate as to prevent a judgment from which an appeal might be taken. The order in question does not fall within either of these subdivisions. It does not purport to determine the action between appellants and respondent, either upon the merits or upon technical grounds or at all; nor does it have any practical effect upon the action except that, speculatively, the refusal of the court to make the order might result in a multiplicity of suits. But it does not in terms nor in effect so operate as to prevent the entry of a final judgment between the parties to this action, from which an appeal may be taken.

We have carefully considered the briefs of the respective counsel and the authorities cited, and reached the conclusion that the order appealed from is not a final judgment within the meaning of the first clause of subdivision one of section 4807, Rev. Codes, as amended by Session Laws, 1915, p. 193, for the reason that it is not a final disposition of the matters in litigation between the parties upon the merits. On the

authority of previous decisions of this court cited in this opinion, we are satisfied that the order appealed from is one that, should the judgment of the trial court be adverse to appellants, may be reviewed on appeal after final judgment. We are therefore of the opinion that this appeal cannot lie. The appeal is dismissed and costs awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.